WALISZEWSKI et al., Appellants,

v.

CARAVONA BUILDERS, INC., Appellee.

[Cite as *Waliszewski v. Caravona Builders, Inc.* (1998), 127 Ohio App.3d 429.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18613.

Decided April 29, 1998.

430

*Alan I. Goodman* and *Craig T. Weintraub,* for appellants Janeen Waliszewski et al.

*Michael J. Connick,* for appellee Caravona Builders, Inc.

---

QUILLIN, P.J.

Plaintiffs-appellants appeal the judgment of the Summit County Court of Common Pleas disqualifying their counsel. We reverse.

Plaintiffs-appellants contracted with defendant-appellee for the construction of their residence. Sunrise Development Corporation ("Sunrise") was the developer of the subdivision where the home was being built, and Third Federal Savings & Loan ("Third Federal") provided the financing for the home and presumably also provided the construction loan. At some point in the construction process, plaintiffs grew dissatisfied with aspects of defendant's workmanship. Counsel for plaintiffs, Alan I. Goodman, thereafter wrote letters to Third Federal and Sunrise, advising them that his clients believed defendant to be in breach of contract. Two months after writing these letters, Goodman filed a complaint in the lower court on behalf of his clients, alleging, *inter alia,* that defendant had breached the contract. Defendant counterclaimed against plaintiffs, alleging, *inter alia,* defamation as a result of the letters Goodman had written.

Sometime prior to the trial of this case before a magistrate, counsel for defendant indicated to the magistrate that he intended to call attorney Goodman as a witness regarding the defamation claim. The magistrate held a hearing on the issue and thereafter disqualified Goodman from further representation of plaintiffs due to his status as a witness. Plaintiffs obtained substitute counsel, Craig T. Weintraub, and filed objections to the magistrate's report. The lower court not only affirmed the disqualification of Goodman, it further disqualified Weintraub due to his professional association with Goodman. Plaintiffs-appellants appeal, raising two assignments of error.

"I. The trial court erred in removing trial counsel."

When an attorney learns, during employment for contemplated or pending litigation, that he may be called to testify as a witness in the matter, the propriety of his continuing representation is governed by DR 5–102(A) and (B). DR 5–102(A) applies where counsel realizes he may have to testify on behalf of his client. DR 5–102(B), which is applicable in this case, concerns situations

where counsel learns he will be called by the opposing party. These rules provide:

"(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4).

"(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client."

It has been observed by the Eleventh District Court of Appeals that while DR 5–102(A) requires that an attorney *shall* withdraw, DR 5–102(B) is inherently different, in that it incorporates a presumption in favor of continued representation. *Mentor Lagoons, Inc. v. Teague* (1991), 71 Ohio App.3d 719, 724, 595 N.E.2d 392, 395. Although the magistrate in this case cited *155 N. High, Ltd. v. Cincinnati Ins. Co.* (1995), 72 Ohio St.3d 423, 650 N.E.2d 869, as authority for disqualifying Goodman, that case applied DR 5–102(A). That court specifically noted that it was *not* dealing with DR 5–102(B), and added that courts would *more closely scrutinize* a situation where disqualification under the latter section was at issue. *Id.* at 426, 650 N.E.2d at 871, fn. 2.

We find that the lower court did not properly distinguish between DR 5–102(A) and 5–102(B) in this case. At the disqualification hearing, the magistrate stated that "particularly with subsection B, you can't be a lawyer and a witness at the same time." A brief reading of subsection B demonstrates that this statement is incorrect. When an attorney who has already begun representation learns that he will be called as a witness for the opposition, DR 5–102(B) allows him to be both advocate and witness "until it is apparent that his testimony is or may be prejudicial to his client." Despite this language, the magistrate simply stated that this was "a hard, fast situation," and disqualified Goodman as counsel without making any reference to prejudice anywhere in the order. We find the lower court's adoption of this order to be contrary to both the specific language of the rule and to existing case law. See, *e.g.*, *Jackson v. Bellomy* (1995), 105 Ohio App.3d 341, 349, 663 N.E.2d 1328, 1333 (lower court abused its discretion in disqualifying attorney under DR 5–102[B] because no prejudicial testimony had been specifically shown); *Ryb v. Contemporary Office Products, Inc.* (July 24, 1997), Cuyahoga App. No. 71310, unreported, 1995 WL 693164 (lower court did not abuse its discretion in refusing to disqualify attorney under DR 5–102[B]

**433**

because no specificity as to any prejudicial testimony was shown in the record); *State v. Castillo* (June 17, 1988), Wood App. No. WD–87–44, unreported, 1988 WL 62988 (lower court did not abuse its discretion in failing to disqualify counsel under DR 5–102[B] because "[n]othing that would be in any way prejudicial to his client * * * surfaced" during the hearing on the motion to disqualify).

In reviewing the portions of the transcript provided us, we do not find it apparent that Goodman's testimony would have been prejudicial to his clients. Defendant-appellee filed a counterclaim against plaintiffs-appellants for defamation based on the letters Goodman wrote. However, at the hearing, Goodman testified that he had not reviewed the letters with his clients, that he had written the letters himself, using his own words, and that it had been his decision, not his clients', to send the letters to Sunrise and Third Federal. Given that the defamation claim was against plaintiffs-appellants and not Goodman, it is difficult to see how Goodman's testimony would have been prejudicial to his clients. We have additional difficulty in concluding that Goodman's testimony will or may result in prejudice to plaintiffs-appellants in light of the fact that it is plaintiffs-appellants who are fighting so hard to retain him as counsel. See *Jackson, supra.*

Disqualification " 'is a drastic measure which should not be imposed unless absolutely necessary.' " *Spivey v. Bender* (1991), 77 Ohio App.3d 17, 22, 601 N.E.2d 56, 59, quoting *Gould, Inc. v. Mitsui Mining & Smelting Co.* (N.D.Ohio 1990), 738 F.Supp. 1121, 1126. In a situation such as we have here, it is the burden of the party moving for disqualification of an attorney to demonstrate that the proposed testimony may be prejudicial to that attorney's client and that disqualification is necessary. *Mentor Lagoons, supra,* 71 Ohio App.3d at 724, 595 N.E.2d at 395. We do not believe that defendant-appellee sufficiently met that burden in this case. We cannot find it apparent from the record that Goodman's testimony will or may be harmful to his clients. We conclude that in the absence of any specific showing of prejudice, the lower court abused its discretion in disqualifying Goodman as counsel. Plaintiffs-appellants' first assignment of error is well taken, and that being so, their second assignment is dismissed as moot.

*Judgment reversed.*

DICKINSON, J., concurs.

BAIRD, J., dissents.

**434**

BAIRD, Judge, dissenting.

While the defamation claim is against plaintiffs, it is based upon actions taken by their lawyer during his representation of them. Since evidence of his knowledge and intent could well constitute an essential element of the claim against plaintiffs, it would be prejudicial to them. Accordingly, his being called as a witness to provide such evidence runs afoul of DR 5–102(B). In the belief that the trial court made a correct ruling in a very difficult situation, I would overrule the assignment of error and affirm the judgment.