DECISION AND JOURNAL ENTRY
David Coulson appeals from the decision of the Summit CountyCourt of Common Pleas, which disqualified his counsel. This courtaffirms.
 I.
David Coulson worked for Goodyear Tire Rubber Co. ("Goodyear") for approximately nine years prior to his 1992 transfer to a different department at the corporation. After this transfer, Coulson allegedly began to be subjected to severe harassment by the employees of the new department. As a result of the alleged harassment, Coulson experienced emotional distress, and Goodyear removed him from the workplace. Goodyear later advised Coulson that he could not return to work until he had been cleared for return to work by a psychiatric professional. Two separate psychiatrists cleared Coulson for return to work, but Coulson alleges that both psychiatrists, one of whom Goodyear selected, advised that Coulson should be transferred to another department.
Coulson met with his department manager on March 31, 1995, to discuss his impending return to work. At the meeting, Coulson was told that he would have to return to his current department because there were no other job openings at Goodyear. By this time, Coulson had commenced litigation in state court claiming employment discrimination based on a handicap, among other things. On April 3, 1995, Coulson's attorney, Dennis Thompson, approached the trial court to obtain a restraining order to keep Goodyear from firing Coulson for failure to report to work, pending achieving an arrangement for Coulson's return to work. The judge called Goodyear's attorney (now former attorney) James Kurek, who allegedly advised the judge that Coulson's termination was not imminent. Both parties dispute what representations Kurek made to the judge as to any anticipated termination of Coulson. On the basis of the conversation, the judge denied the restraining order.
Several days thereafter, Thompson called Kurek and advised Kurek that Thompson was leaving town for a week's vacation. Thompson contends that Kurek represented to him that Goodyear would not fire Coulson while Thompson was away on vacation. Kurek disputes that version of the conversation. Thompson followed up the conversation with a letter dated April 7, 1995, which purported to memorialize the conversation, as Thompson understood it. Upon reading the letter, Kurek realized that this was not his understanding of the conversation, but Kurek did not advise Thompson that he had a different understanding of the conversation. While Thompson was on vacation, Goodyear fired Coulson for failure to report to work as Goodyear directed.
In 1996, Coulson voluntarily dismissed his case in state court and filed his claims in federal court, alleging a federal claim under the Americans with Disabilities Act. Goodyear filed a motion in federal court to dismiss the state claims. The federal court declined to accept jurisdiction on the state claims, and proceeded only with the federal claim. Goodyear filed a motion in the federal case to disqualify Thompson because Thompson was likely to testify about the April 1995 conversation. Coulson filed a motion to disqualify Kurek, and the federal magistrate disqualified both attorneys.
On July 17, 1998, Coulson again filed his state claims in the trial court below. Two months later, Goodyear again moved to disqualify Thompson. Goodyear argued that the federal court's ruling on disqualification collaterally estopped Thompson from representing Coulson in the case, and that Thompson should be disqualified because he would likely be called as a witness regarding the alleged representations made by Kurek to Thompson. After a hearing on the issue, the trial court determined that collateral estoppel did not apply, but it disqualified Thompson, based on his likely role as a witness in the case.
Coulson now appeals, asserting four errors, which we have re-arranged for ease of discussion. Goodyear also filed a cross-appeal, asserting that the trial court erred in its ruling on collateral estoppel.
 II. ASSIGNMENT OF ERROR IV. THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO CIV.R. 60(B). During the pendency of this appeal, Coulson moved this court to stay the appeal, to allow the trial court to consider his Civ.R. 60(B) motion for relief from judgment, based on newly discovered evidence relating to the issue of disqualification. This court allowed the stay for that purpose. However, the trial court did not enter a ruling on Coulson's Civ.R. 60(B) motion during the time allowed for the stay. After the time for the stay had expired, the trial court denied Coulson's motion for relief from judgment. However, because the trial court's ruling came after the expiration of the stay, the trial court no longer had jurisdiction to consider the Civ.R. 60(B) motion. See State ex rel. Newton v. Court of Claims (1995), 73 Ohio St.3d 553, 558, citing Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141, 147, and State ex rel. East Mfg. Corp. v. Ohio Civ. Rights Comm. (1992), 63 Ohio St.3d 179, 181. Because the trial court no longer had jurisdiction, its "judgment" on the motion is a nullity. Coulson's fourth assignment of error is therefore overruled as moot because, as to the Civ.R. 60(B) motion, there is no valid trial court decision to appeal.
 III. ASSIGNMENT OF ERROR III. THE TRIAL COURT ERRED IN DISQUALIFYING APPELLANT'S ATTORNEY BECAUSE APPELLEE'S FAILURE TO TIMELY RAISE THE ISSUE BEFORE THE TRIAL COURT CONSTITUTES WAIVER OF THIS ISSUE. Coulson argues that Goodyear waived the issue of his disqualification because Goodyear did not raise the issue of the disqualification until one year after the events at issue had occurred. This assignment of error is not well-taken.
Coulson claims that Goodyear failed to timely raise the issue of disqualification in the first state court action, commenced in March 1995. However, Coulson voluntarily dismissed the first state court case, during the pendency of which Goodyear allegedly "waived" this issue. He is now precluded from objecting to Goodyear's action in that case. Coulson filed the instant case on July 17, 1998. On September 14, 1998, Goodyear filed a motion to disqualify Thompson, as it had done previously in the federal court case.
Furthermore, although Goodyear filed the motion for disqualification, the trial court has the duty to supervise the attorneys appearing before it. Royal Indemnity Co. v. J. C.Penney Co. (1986), 27 Ohio St.3d 31, 35. Because the trial court has a duty to supervise attorneys appearing before it, under the instant circumstances, the issue of disqualification may not be waived by either party. See 155 N. High, Ltd. v. Cincinnati Ins.Co. (1995), 72 Ohio St.3d 423, 427.
Coulson's third assignment of error is not well-taken and it is overruled.
 IV. ASSIGNMENT OF ERROR I. THE TRIAL COURT ERRED IN DISQUALIFYING APPELLANT'S ATTORNEY UNDER DR 5-102(A) BECAUSE THE TESTIMONY OF COUNSEL UPON WHICH DISQUALIFICATION IS BASED RELATES TO ISSUES WHICH ARE NEITHER RELEVANT NOR NECESSARY TO ANY OF APPELLANT'S CLAIMS.
 The trial court disqualified Thompson because it determined that his testimony would likely be necessary to resolve the claims of his client Coulson and/or Goodyear's defense, and that such testimony may work to Coulson's detriment. The trial court determined that Thompson's ongoing representation would violate two disciplinary rules, DR 5-102(A) (where counsel ought to testify on behalf of his client) and DR 5-102(B) (where counsel may be called to testify other than on behalf of his client). As to DR 5-102(A), Coulson asserts that the court erred in disqualifying Thompson, because his testimony does not relate to any substantive claims by Coulson. This court disagrees.
"A trial court has wide discretion in the exercise of its duty to supervise members of the bar appearing before it." RoyalIndemnity, 27 Ohio St.3d at 35. A trial court's rulings in supervising the attorneys appearing before it will be upheld absent an abuse of discretion. 155 N. High, 72 Ohio St.3d at 426, citing Royal Indemnity, 27 Ohio St.3d 31 and Mentor Lagoons, Inc.v. Rubin (1987), 31 Ohio St.3d 256. An abuse of discretion is more than mere error. It must involve "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
The Supreme Court of Ohio first addressed the issue of trial counsel as a potential witness in Mentor Lagoons, supra. The Court observed that "DR 5-102(A) may require an attorney to withdraw from representation of a client when he must testify on behalf of that client. * * * Furthermore, EC [Ethical Consideration] 5-10 directs that when the issue arises, any `doubts should be resolved in favor of the [lawyer] testifying and against his becoming or continuing as an advocate.'" MentorLagoons, 31 Ohio St.3d at 258. DR 5-102(A) states the general rule that if "it is obvious that [an attorney] ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and * * * shall not continue the representation in the trial, except that he may continue the representation and he * * * may testify in the circumstances enumerated in DR 5-101(B)(1) through (4)." See, also, 155 N.High, 72 Ohio St.3d at 427.
DR 5-101(B) provides that an attorney may serve as both advocate and a witness in a case when: (1) the testimony deals only with an uncontested matter; (2) the testimony relates only to a formality to which there is no reasonable likelihood of opposition evidence; (3) the testimony deals only with the nature and value of legal services rendered to the client; or (4) where the exclusion of counsel will "work a substantial hardship on the client because of the distinctive value of the lawyer or the firm as counsel in the particular case." DR 5-101(B).
Coulson's complaint alleged that Goodyear, through its counsel, made certain representations to Coulson through his counsel Thompson, to which Thompson was a witness. These alleged representations relate to Coulson's claims that Goodyear engaged in a pretextual discharge of Coulson for discriminatory reasons, wrongful discharge, and retaliation. Although Coulson filed a motion for leave to file an amended complaint after Goodyear moved for disqualification, at no time has Coulson attempted to amend his complaint to exclude reference to the events that are at issue here.
Coulson argues that his counsel's testimony concerning the April 7, 1995 letter relates only to a formality, namely the authentication of the letter, and should be permitted under DR 5-101(B)(2). However, this argument is without merit, because the substance of the letter is contested. Coulson also argues that Thompson does not intend to testify on behalf of Coulson. However, this is irrelevant. The threshold consideration is whether counsel "ought to be called as a witness on behalf of his client." DR 5-102(A).
Both at the disqualification hearing and before this court on appeal, Coulson variously contended that (1) the events to which he would have to testify were immaterial to his client's case, and (2) his letter of April 7, 1995 "speaks for itself" and could and should be allowed into evidence without permitting Goodyear to question Thompson about the letter or the conversation it memorialized. Coulson wants to use the April 7, 1995 letter to support three of the six counts of his complaint, yet Coulson also disavows any need for his counsel's testimony about his conversation with Kurek, which the letter purports to memorialize. It is clear from the record that: the conversation between the two attorneys is relevant and necessary for certain of Coulson's claims; the content of the conversation is contested; and only Thompson and Kurek were privy to the conversation. In order to resolve the claims, put into issue by Coulson, "it is obvious that [Thompson] ought to be called as a witness on behalf of his client." See DR 5-102(A).
Having concluded that Thompson is likely to be a witness for his client, we now determine whether his continuing representation should be permitted pursuant to the sole relevant exception, provided by DR 5-101(B)(4), namely that his withdrawal would work a substantial hardship for his client.
 The Supreme Court of Ohio has held that DR 5-101(B)(4) is an exception to the general rule of DR 5-102(A) that an attorney cannot serve as both an advocate and witness. The attorney who intends to invoke this exception has the burden to prove that his or her services provide a distinctive value and that his or her disqualification would work a substantial hardship on his or her client. Neither familiarity with the case nor mere added expenses are sufficient to prove this exception.
155 N. High, 72 Ohio St.3d at the syllabus.
The burden falls to Thompson to prove that either hisservices offer a distinctive value to the client or his withdrawalwould work a substantial hardship on the client. Id. It is clearfrom the record that Thompson did not meet his burden of proof asoutlined by the Supreme Court in 155 High, supra, that his services offer a "distinctive value" or that his disqualification would work a substantial hardship on his client, beyond mere added expense.
"Once the trial court makes its independent determination as to whether the exception applies, the ruling must stand unless the trial court abused its discretion." Id. This court cannot conclude that the trial court abused its discretion in disqualifying Thompson on the basis of DR 5-102(A). Coulson's first assignment of error is overruled.
 V. ASSIGNMENT OF ERROR II. THE TRIAL COURT ERRED IN DISQUALIFYING [APPELLANT'S] COUNSEL UNDER DR 5-102(B) BECAUSE THE TESTIMONY OF COUNSEL UPON WHICH DISQUALIFICATION IS BASED IS NOT ADVERSE TO THE INTERESTS OF APPELLANT. Coulson also asserts that even if his attorney's testimony is sought by Goodyear in support of its defense, the testimony will not be adverse to his case. Coulson cites to this court's decision in Waliszewski v. Caravona Builders, Inc. (1998), 127 Ohio App.3d 429, holding that a party seeking attorney disqualification pursuant to DR 5-102(B) has the burden of showing that the attorney's testimony will likely be harmful to the attorney's client. Id. at 433.
However, in the instant case it is clear that regardless of whether Goodyear intends to call Thompson as a witness, Thompson ought to testify on behalf of Coulson in support of Coulson's claims against Goodyear. Consequently, disqualification is warranted by DR 5-102(A). Given our disposition of Coulson's first assignment of error, Coulson's second assignment of error is overruled as moot.
Because we find that the trial court's disqualification based on DR 5-102(A) was proper, Goodyear's cross-appeal on the issue of collateral estoppel is moot.
 VI.
Having overruled Coulson's assignments of error, this court affirms the judgment of the trial court.
 ___________________ WILLIAM R. BAIRD
SLABY, J., CARR, J. CONCUR.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.