This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Melinda Smith and Elizabeth Franks (collectively referred to as "Appellants"), appeal from the decision of the Wayne County Court of Common Pleas. We affirm in part and reverse in part.
{¶ 2} On February 9, 1999, Appellants filed a complaint against the Wayne County Department of Human Services, Margie Byrd, Sue Steingass, Mark Sheppard, Cheryl Noah, and Frederic Cannon (collectively referred to as "Appellees"). In their complaint, Appellants asserted a variety of claims against each Appellee, including the following: retaliation, harassment, pregnancy discrimination, sex discrimination, disability discrimination, intentional infliction of emotional distress and wrongful discharge.
{¶ 3} Appellants were both employed by the Wayne County Department of Human Services ("Department of Human Services") in the position of "Social Service Aide I." Approximately seventy-five percent of Appellants' time was spent driving income-eligible elderly or disabled Medicaid patients to medical appointments. Ms. Byrd was the Appellants' immediate supervisor. Ms. Steingass was the Director of the Department of Human Services and Ms. Byrd reported to her. Mr. Sheppard, Ms. Noah, and Mr. Cannon were County Commissioners at the times specified in the complaint.
{¶ 4} In 1992, while transporting a client, Ms. Smith was injured in an automobile accident. Due to the accident, Ms. Smith complained of back pain, neck pain, fibromyalgia, and that it had become difficult for her to drive under stressful conditions. From 1992 to 1995, Appellees did not require Ms. Smith to drive to Cleveland or Columbus based on notes from Ms. Smith's doctors. Because Ms. Smith did not make the long distance drives, Ms. Franks was required to make all long distance drives.
{¶ 5} In January of 1994, Ms. Steingass, as Director of the Department of Human Services, reviewed and revised various job descriptions. The Ohio Department of Administrative Services approved the changes in the job descriptions. Ms. Smith was notified that long distance drives were part of her job description and she would no longer be relieved of long distance drives.
{¶ 6} On August 2, 1995, Ms. Smith filed a charge of discrimination with the Ohio Civil Rights Commission regarding an attempt to obtain sick leave that had been denied. This charge was dismissed for lack of probable cause. In November of 1995, Ms. Smith filed a complaint with the U.S. Department of Health and Human Services' Office of Civil Rights regarding her claim of disability. The U.S. Department of Health and Human Services found the complaint was unsubstantiated.
{¶ 7} On May 31, 1996, Walter Dodd, Ms. Smith's father, filed a request for an investigation of the Department of Human Service's leave policies. An Administrative Law Judge held that the Department of Human Service's leave policies fully complied with Ohio law.
{¶ 8} On June 19, 1996, a resolution was passed abolishing several positions, one of which was the position of Social Service Aide I. Ms. Smith and Ms. Franks were laid off. Ms. Franks appealed the action to the State Personnel Board of Review, but later withdrew the appeal before any decision was rendered. On October 11, 1996, Ms. Smith applied for a vacant Social Service Worker I position. The Ohio Department of Administrative Services notified Ms. Smith that she did not have the education or experience for this position. Thereafter, Appellants initiated this suit.
{¶ 9} Appellants twice filed a motion to disqualify Eugene Nevada as attorney for the County. The trial court denied both motions. Appellants filed a motion for partial summary judgment with respect to one of Ms. Smith's retaliation claims. Appellees filed a cross-motion for summary judgment regarding this same claim. The trial court denied Appellants' motion and granted Appellees' motion. Appellees then filed a motion for summary judgment on all remaining claims. The trial court granted Appellees' motion for summary judgment. This appeal followed. Appellants assert five assignments of error. We will address the first two assignments of error together to facilitate review.
 First Assignment of Error
{¶ 10} "THE TRIAL COURT ERRED IN DENYING PLAINTIFF-APPELLANT SMITH'S MOTION FOR PARTIAL SUMMARY JUDGMENT."
 Second Assignment of Error
{¶ 11} "THE TRIAL COURT ERRED IN GRANTING DEFENDANTS-APPELLEES' PARTIAL MOTION FOR SUMMARY JUDGMENT."
{¶ 12} In Appellants' first and second assignments of error, Appellants argue that the trial court erred in denying Appellants' motion for partial summary judgment on Ms. Smith's claim of retaliation with respect to the grievance procedure and erred in granting Appellees' motion for partial summary judgment regarding this same issue. We disagree.
{¶ 13} Pursuant to Civ.R. 56(C), summary judgment is proper if no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that, viewing such evidence most strongly in favor of the non-moving party, reasonable minds can come to only one conclusion.Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992),80 Ohio App.3d 487, 491. "We review the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." Am. Energy Servs. v. Lekan (1992), 75 Ohio App.3d 205,208.
{¶ 14} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
{¶ 15} In order for a party to prevail on summary judgment, he must show that no genuine issue of material fact exists. If the moving party fails to produce evidence on an issue of material fact, then summary judgment must be denied, regardless of whether the nonmoving party has produced evidence on the issue. See Toledo's Great E. Shoppers City, Inc.v. Abde's Black Angus Steak House No. III, Inc. (1986), 24 Ohio St.3d 198,201-02; White v. Briggs (Oct. 4, 1995), 9th Dist. No. 17144.
{¶ 16} Appellants argue that the trial court erred in not granting their motion for partial summary judgment. In their motion for partial summary judgment, Appellants argued that Appellees' retaliated against Ms. Smith by refusing to grant her a hearing with the County Commissioners after she filed a claim with the Ohio Civil Rights Commission. Ms. Smith's grievance to the County Commissioners concerned the safety of the car she was driving and was not related to her charge filed with the Ohio Civil Rights Commission.
{¶ 17} In their motion, Appellants argued that the County Commissioners' refusal to hold a hearing violates R.C. 4112.02. R.C.4112.02(I) prohibits retaliating against a person who opposes unlawful discriminatory practices. To establish a prima facie case of unlawful retaliation, a plaintiff must establish "(1) that he engaged in a protected activity; (2) that he was the subject of an adverse employment action; and (3) that a causal link existed between the protected activity and the adverse action." Thatcher v. Goodwill Industries of Akron
(1997), 117 Ohio App.3d 525, 534-35.
{¶ 18} Appellants argued that Appellees' policy of refusing to meet with an employee after that employee has filed a charge with the Ohio Civil Rights Commission is an adverse employment action. As decisive to this issue, this Court will consider whether Ms. Smith was subject to an adverse employment action. "Factors to consider when determining whether an employment action was materially adverse include `termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.'" Peterson v. Buckeye Steel Casings
(1999), 133 Ohio App.3d 715, 727, quoting Crady v. Liberty Natl. Bank andTrust Co. (C.A. 7, 1993), 993 F.2d 132, 136.
{¶ 19} In Appellees' motion for partial summary judgment and opposition to Appellants' motion for partial summary judgment, Appellees argued that Appellants' claim fails to raise a genuine issue of material fact as to whether Ms. Smith was subjected to an adverse employment action. Appellees pointed to the Department of Human Services Personnel Policy and Procedure Manual which provides that an employee's grievance may be appealed to the director and that the director's decision on the matter is final. Appellees stated that, in addition to complying with the policy, the County Commissioners agreed to meet with Ms. Smith to hear her complaint regarding the safety of her car. Appellees argued that they provided Ms. Smith with more than the required hearings for her grievance. Appellants did not demonstrat how denying Ms. Smith yet another hearing before the County Commissioners was an adverse employment action. Appellants did not meet their Dresher burden in their motion for partial summary judgment.
{¶ 20} Appellees met their burden under Dresher and identified the portion of the record, the Department of Human Service's grievance policy, that demonstrated an absence of genuine issue of material fact as to an essential element of Appellants' case. See, Dresher,75 Ohio St.3d at 293. The burden shifted to Appellants, as the non-moving party, to offer specific facts showing a genuine issue for trial. See id. Appellants could not rest upon the mere allegations and denials in the pleadings but instead had to point to or submit some evidentiary material that showed a genuine dispute over the material facts existed. SeeHenkle, 75 Ohio App.3d at 735.
{¶ 21} In response to Appellees' motion for partial summary judgment, Appellants did not point to evidence establishing a genuine issue of material fact; rather, Appellants argued that Appellees did not base their motion for partial summary judgment on Civ.R. 56(C) evidence. As stated earlier, Appellees did base their motion for partial summary judgment on Civ.R. 56(C) evidence and met their burden under Dresher. Appellants did not meet their reciprocal burden under Civ.R. 56(E). There is no genuine issue of material fact regarding Appellants' claim of retaliation concerning the grievance procedure, Appellees are entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion — that Appellees did not engage in unlawful retaliation.
{¶ 22} The trial court did not err in denying Appellants' motion for partial summary judgment and granting Appellees' motion for partial summary judgment. Appellants first and second assignments of error are overruled.
 Third Assignment of Error
{¶ 23} "THE TRIAL COURT ERRED IN GRANTING DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF-APPELLANT FRANKS ON THE ISSUE OF RETALIATION."
{¶ 24} In their third assignment of error, Appellants argue that the trial court erred in granting Appellees' motion for summary judgment against Ms. Franks on the issue of retaliation. Appellants assert two reasons for the trial court's error. First, Appellants argue that the trial court improperly held that Ms. Franks needed to be a victim of discrimination in order to state a retaliation claim pursuant to R.C. Chapter 4112. Second, Appellants argue that the trial court improperly considered evidence in granting Appellees' motion for summary judgment. We disagree.
{¶ 25} The standard for appellate review of a trial court's order granting summary judgment is stated under the first and second assignments of error.
{¶ 26} First, Appellants assert that the trial court erred in holding that Ms. Franks needed to be a victim of discrimination in order to state a retaliation claim. However, Appellants do not make any arguments or cite to any law with regard to this assertion. Accordingly, we will not consider this argument. See App.R. 16(A)(7), App.R. 12(A)(2). Appellants' arguments under this section of the third assignment of error all concern whether the trial court committed error in finding that Ms. Franks did not engage in protected activity. We will limit our discussion to this argument.
{¶ 27} R.C. 4112.02(I) states that it shall be an unlawful discriminatory practice "[f]or any person to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section or because that person has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under sections 4112.01 to 4112.07
of the Revised Code."
{¶ 28} To support a claim of retaliatory discharge, the employee must first prove that he engaged in a protected activity. See Thatcher,117 Ohio App.3d at 534. Opposing an employer's condoning of illegal discrimination is a protected activity for the purposes of a claim of retaliatory discharge. Id. at 535.
{¶ 29} In their complaint, Appellants appeared to allege that Ms. Franks engaged in protected activity when Ms. Steingass questioned her regarding an incident involving Ms. Smith. Appellants appeared to allege that, as a result of this discussion, Ms. Franks suffered adverse employment actions. In their motion for summary judgment, Appellees asserted that there is no evidence in the record that Ms. Franks opposed an unlawful employment practice. In support of this argument, Appellees point to Ms. Steingass's affidavit. In her affidavit, Ms. Steingass states that she questioned Ms. Franks only after the Department of Human Services and County Commissioners had decided to abolish Ms. Smith's and Ms. Frank's positions. Ms. Steingass's affidavit qualifies as Civ.R. 56(C) evidence and Appellees met their burden to point to some evidence that affirmatively shows that the nonmoving party has no evidence to support that party's claims. See, Dresher, 75 Ohio St.3d at 293.
{¶ 30} In response to Appellees' motion, Appellants did not cite any evidence that established a genuine issue of material fact, rather, Appellants stated that Appellees did not meet their Dresher burden. Appellants failed to point to any evidence that Ms. Franks engaged in a protected activity other than being questioned by Ms. Steingass. Appellants also failed to point to evidence of an adverse action that Ms. Franks suffered other than the abolishment of her job. As stated above, Appellees did point to Civ.R. 56(C) evidence and met their Dresher
burden. Once the moving party satisfied its burden, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Dresher, 75 Ohio St.3d at 293. Appellants have not met their burden.
{¶ 31} Appellants' second argument under the third assignment of error is that the trial court improperly considered evidence not listed in Civ.R. 56(C) and other inadmissible evidence in granting Appellees' motion for summary judgment. However, Appellants' brief does not identify with any particularity any evidence, proper or improper, that the trial court considered. Rather, Appellants simply state that "Appellees have not demonstrated that Appellants have no evidence with regard to element of opposition to discrimination, or other protected activity." [sic.]
{¶ 32} It is the appellant's burden to affirmatively demonstrate error on appeal. Hutchison v. Henderson, 9th Dist. No. 20862, 2002-Ohio-4521, ¶ 39. An appellant's brief must contain argument and law, "with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7). If the party presenting an assignment of error for review "fails to identify in the record the error on which the assignment of error is based" this Court may disregard the assignment of error. App.R. 12(A)(2). Appellants have not identified the portion of the record on which the assignment of error is based, therefore, this Court will not address this portion of this assignment of error.
{¶ 33} There is no genuine issue of material fact regarding Appellants' claim of retaliation concerning Ms. Franks, Appellees are entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion — that Appellees did not engage in unlawful retaliation against Ms. Franks. The trial court did not err in granting summary judgment on this claim. Appellants' third assignment of error is overruled.
 Fourth Assignment of Error
{¶ 34} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON ALL REMAINING CAUSES OF ACTION SINCE THE COURT APPLIED THE WRONG STANDARDS FOR DETERMINING SUMMARY JUDGMENT."
{¶ 35} In their fourth assignment of error, the Appellants assert that the trial court erred in granting Appellees' motion for summary judgment on the remaining issues because the trial court applied the wrong standard for determining summary judgment. Appellants assert three reasons in support of their assignment of error: (1) the trial court improperly held that Ms. Smith needed to be a victim of discrimination in order to state a retaliation claim; (2) the trial court improperly considered evidence not listed in Civ.R. 56 and other inadmissible evidence in granting Appellees' motion for summary judgment; and (3) the trial court improperly usurped the role of the fact-finder when it granted summary judgment. We agree in part and disagree in part.
{¶ 36} The standard for appellate review of a trial court's order granting summary judgment is stated under the first and second assignments of error. The standard for proving a claim of retaliation is stated in the third assignment of error.
{¶ 37} First, Appellants assert that the trial court erred by holding that Ms. Smith needed to be a victim of discrimination in order to state a claim for retaliation under R.C. 4112.02. Appellants misstate the trial court's findings. The trial court did not hold that Ms. Smith needed to be a victim of discrimination in order to state a claim for retaliation. Rather, the trial court granted Appellees' motion for summary judgment on Ms. Smith's claim of retaliation because the trial court found there was no genuine issue of material fact regarding whether Ms. Smith could meet the required elements to prove retaliation.
{¶ 38} Second, Appellants assert that the trial court improperly considered evidence not listed in Civ.R. 56 and other inadmissible evidence in granting Appellees' motion for summary judgment. As in the third assignment of error, Appellants argue that Appellees did not meet their burden under Dresher to present Civ.R. 56(C) evidence in support of their motion for summary judgment on the claims of retaliation. As to Ms. Frank's retaliation claim, this Court found under the third assignment of error that Appellees did point to Civ.R. 56(C) evidence and met their burden.
{¶ 39} As to Ms. Smith's retaliation claim, Appellees asserted in their motion for summary judgment that Ms. Smith could not meet the required elements to prove retaliation. Appellants argued in their response that Appellees did not cite to Civ.R. 56(C) evidence to support their motion, and, therefore, did not meet their burden under Dresher. We agree. Appellees did not identify any portion of the record that demonstrated an absence of genuine issue of material fact regarding Ms. Smith's claim of retaliation, and, therefore, did not meet their burden. If the moving party fails to produce evidence on an issue of material fact, then summary judgment must be denied, regardless of whether the nonmoving party has produced evidence on the issue. See Toledo's GreatE. Shoppers City, Inc., 24 Ohio St.3d at 201-02; See, also, White. Because Appellees did not meet their burden, Appellants did not need to produce evidence on this issue.
{¶ 40} Thirdly, Appellants assert that the trial court improperly acted as the fact-finder when it granted summary judgment. Although Appellants cite to case law to support their conclusion that the trial court improperly weighed the evidence, Appellants fail to apply the case law to the facts of this case, and instead use only conclusory statements to support the assignment of error. See State v. Watson (1998),126 Ohio App.3d 316, 321. As stated under the third assignment of error, an appellant's brief must contain argument and law, "with citations to the authorities, statutes and parts of the record on which appellant relies." App.R. 16(A)(7). If the party presenting an assignment of error for review "fails to identify in the record the error on which the assignment of error is based" this Court may disregard the assignment of error. App.R. 12(A)(2). "An appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error because of `the lack of briefing' on the assignment of error." Watson, 126 Ohio App.3d at 321, quoting Hawley v. Ritley (1988), 35 Ohio St.3d 157, 159. Appellants have not identified the portion of the record on which they base their argument. Therefore, this Court will not address this portion of this assignment of error.
{¶ 41} The trial court did not err when it granted Appellees' motion for summary judgment as to Ms. Frank's retaliation claim. The trial court did err when it granted Appellees' motion for summary judgment on Ms. Smith's retaliation claim. Based upon Appellants' argument, this Court cannot say that the trial court erred in granting summary judgment on remaining claims. Appellants' fourth assignment of error is overruled in part and sustained in part.
 Fifth Assignment of Error
{¶ 42} "THE TRIAL COURT ERRED IN OVERRULING PLAINTIFFS-APPELLANTS' MOTION TO DISQUALIFY ATTORNEY EUGENE NEVADA AND NOT INSTRUCT HIM TO APPEAR FOR DEPOSITION."
{¶ 43} In their fifth assignment of error, Appellants assert that the trial court erred in denying Appellants' motion to disqualify Eugene Nevada as Appellees' attorney and to instruct him to appear for a deposition. We disagree.
{¶ 44} "In reviewing the decision of a trial court regarding the disqualification of a party's chosen counsel, this court applies an abuse of discretion standard." Friedman v. Kalail, 9th Dist. No. 20657, 2002-Ohio-1501. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
{¶ 45} DR 5-102(B) concerns situations where counsel learns he will be called by the opposing party. Waliszewski v. Caravona Builders,Inc. (1998), 127 Ohio App.3d 429, 432. DR 5-102 states "[i]f, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue representation until it is apparent that his testimony is or may be prejudicial to his client." DR 5-102 "incorporates a presumption in favor of continued representation." Id. Disqualification of an attorney is a drastic measure that should not be imposed unless absolutely necessary.Spivey v. Bender (1991), 77 Ohio App.3d 17, 22. "[I]t is the burden of the party moving for disqualification of an attorney to demonstrate that the proposed testimony may be prejudicial to that attorney's client and that disqualification is necessary." Waliszewski,127 Ohio App.3d at 433.
{¶ 46} In their motion, Appellants argued that Mr. Nevada acted in a capacity other than as legal representative for the County prior to 1997 and, therefore, Appellants had a right to depose Mr. Nevada about his non-legal work with the County. Appellees responded that Mr. Nevada acted as legal representative of the County at all times and, therefore, any knowledge Mr. Nevada possessed was protected by the attorney-client privilege. The evidence presented by Appellants demonstrated only that Mr. Nevada prepared position statements with respect to Ms. Smith's charges of discrimination. Appellants did not demonstrate that any proposed testimony may be prejudicial to Appellees and that disqualification was necessary.
{¶ 47} The trial court did not abuse its discretion in denying Appellants' motion to disqualify Mr. Nevada and instruct him to appear for a deposition. Appellants' fifth assignment of error is overruled.
{¶ 48} Appellants' first, second, third, and fifth assignments of error are overruled. Appellants' fourth assignment of error is overruled in part and sustained in part. Accordingly, the judgment of the Wayne County Court of Common Pleas is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
BAIRD, P.J. and WHITMORE, J. CONCUR