[Cite as *Shoregate Towers NS, L.L.C. v. Ruple Builders, Inc.*, 2025-Ohio-5287.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| SHOREGATE TOWERS NS, L.L.C., | CASE NO. 2025-L-041 |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| RUPLE BUILDERS, INC., et al., | |
| Defendants, | Trial Court No. 2024 CV 000071 |
| DENNIS R. FOGARTY, | |
| Defendant-Appellant. | |

## OPINION AND JUDGMENT ENTRY

Decided: November 24, 2025
Judgment: Affirmed

*Mark S. O'Brien*, 12434 Cedar Road, Suite 11, Cleveland Heights, OH 44106 (For Plaintiff-Appellee).

*Matthew P. Baringer*, Davis & Young, L.P.A., 35000 Chardon Road, Suite 100, Willoughby Hills, OH 44094 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}   Defendant-appellant, Dennis R. Fogarty ("Fogarty"), appeals the judgment of the Lake County Court of Common Pleas, granting the motion to disqualify him from representing defendant Ruple Builders, Inc. ("Ruple"), filed by plaintiff-appellee, Shoregate Towers NS, L.L.C. ("Shoregate").  For the following reasons, we affirm.

{¶2}   Shoregate is the owner of several apartment buildings located at 30901 Lake Shore Blvd., Willowick, Ohio ("the property").  In January 2024, Shoregate filed a

complaint in the trial court against Ruple, raising claims of slander of title and declaratory judgment. Shoregate alleged that in the summer of 2023 it retained 4G Construction, Inc. ("4G") to provide labor and materials to the property. Ruple was a subcontractor for 4G. On August 24, 2023, while Ruple was working on the property, the parking garage at the property collapsed. On November 21, 2023, Ruple filed an affidavit of mechanic's lien on the property for $237,569.00. The affidavit was drafted and filed by Fogarty, Ruple's attorney. Shoregate alleged the affidavit of mechanic's lien was per se fraudulent, void as a matter of law, and an attempt to extort payment from Shoregate and avoid liability for the parking garage collapse in contravention of the waiver of lien provision in the subcontractor contract between Ruple and 4G.

{¶3} In March 2024, Ruple filed its answer and a counterclaim against Shoregate, alleging it was entitled to enforce the affidavit of mechanic's lien against the property by foreclosing on the lien because of the amount due on its contract with 4G. Ruple also filed a third-party complaint against 4G for breach of contract.

{¶4} As relevant to the instant appeal, in April 2024, Shoregate filed a "motion for leave to file amended complaint, instanter," seeking leave to amend its complaint to add Forgarty as a defendant as well as claims of defamation, tortious interference, and abuse of process against Ruple. In June 2024, the trial court granted Shoregate leave to file an amended complaint that included the additional claims but denied Shoregate leave to add Fogarty as a defendant because it would unduly prejudice Ruple. A few days later, Shoregate filed its amended complaint.

{¶5} In November 2024, in case No. 24CV001709, Shoregate filed a complaint against Fogarty for executing and filing the allegedly fraudulent affidavit of mechanic's

lien with malice. Also, in November in this case, Shoregate attempted to depose a Ruple representative and then subpoenaed Fogarty for a deposition. Fogarty and Ruple refused to attend any depositions. Shoregate filed a motion to compel discovery and for sanctions; in turn, Fogarty filed a motion to quash the subpoena and a motion for a protective order. On December 6, 2024, the trial court issued an order quashing the subpoena.

{¶6} Also in December, Ruple filed a motion to consolidate the instant case (case No. 24CV000071) with the case against Fogarty (case No. 24CV001709) and a motion to stay proceedings in the instant case until the claims against Fogarty were resolved. After considering Ruple's motions and Shoregate's memorandum in opposition, the trial court granted Ruple's motion to consolidate, finding sufficient commonality of the issues and the parties, and denied Ruple's motion to stay proceedings.

{¶7} On December 23, 2024, the trial court overruled Shoregate's motion to compel discovery and for sanctions because Shoregate had failed to comply with the court's local rules by not requesting a collective personal conference prior to filing the motion. The court, while observing the logic of Shoregate's argument for sanctions, noted Ruple's motion to stay the proceedings had been denied, thus the parties could proceed with discovery while observing the rules of procedure.

{¶8} In January 2025, Shoregate filed an amended complaint against Fogarty, adding claims of defamation, tortious interference, and abuse of process.

{¶9} In February 2025, Shoregate filed a motion to disqualify Fogarty as Ruple's counsel, contending that pursuant to the Ohio Rules of Professional Responsibility, Fogarty cannot represent Ruple (1) due to a conflict of interest and (2) because Fogarty

Case No. 2025-L-041

is a necessary witness as the person who drafted, executed, and filed the allegedly fraudulent affidavit of mechanic's lien. Fogarty and Ruple filed a joint brief in opposition, contending this was another attempt by Shoregate to wrongfully insert Fogarty into the proceedings, Fogarty was not a necessary witness because Ruple's officers and employees could testify in lieu of Fogarty, any advice Fogarty may have given is protected by the attorney-client privilege, and Ruple and Fogarty do not have a conflict of interest regarding legal strategies. Further, Fogarty's disqualification would be a substantial hardship for Ruple given their long-standing attorney-client relationship and Fogarty's involvement as counsel in the instant matter.

{¶10} While this motion to disqualify Fogarty was pending, the trial court considered a "motion to dismiss or motion for judgment on the pleadings" Fogarty had filed to dismiss Shoregate's claims against him and Shoregate's memorandum in opposition. The trial court denied Fogarty's motion except for the claim of abuse of process, which it dismissed from the complaint because Shoregate failed to allege the affidavit of mechanic's lien was instituted without probable cause.

{¶11} In April 2025, the trial court granted Shoregate's motion to disqualify Fogarty as Ruple's counsel. The court reviewed that at the heart of the instant case is the affidavit of mechanic's lien Ruple placed on Shoregate's property. Shoregate claimed the affidavit contains several false statements Fogarty knew were false and he filed it to extort payment from Shoregate and to release Ruple from liability for the parking garage collapse.

{¶12} First, the court found there was no conflict of interest between Fogarty and Ruple pursuant to Prof.Cond.R. 1.7, because the only potential limitation to Fogarty's

Case No. 2025-L-041

representation of Ruple was Fogarty as a named defendant. Fogarty, however, had stated he and Ruple were "on the same page" regarding strategy, and Ruple did not hold Fogarty responsible for filing the lien. The court noted there was nothing presented indicating a substantial risk that Fogarty's representation of Ruple would be materially limited by Fogarty being a defendant.

{¶13} Second, the court found Fogarty was a necessary witness and should be disqualified pursuant to Prof.Cond.R. 3.7. More specifically, the court found Fogarty was a necessary witness because it did not appear anyone else was present when Fogarty drafted and filed the affidavit of mechanic's lien, which Shoregate alleged Fogarty did with malice. The court reviewed Shoregate's intended questioning of Fogarty on his knowledge of the statutory requirements for a mechanic's lien relative to the circumstances surrounding the filing of the affidavit, as well as the lien waiver provision in the subcontractor agreement, and found such testimony did not appear to be subject to the attorney-client privilege.

{¶14} The court, reviewing the exceptions to disqualification pursuant to Prof.Cond.R. 3.7, found Fogarty did not satisfy his burden to overcome disqualification because neither a longstanding relationship nor the expense of obtaining new counsel constitutes substantial hardship and none of the other exceptions applied. The court noted this case was unable to proceed productively because Shoregate has been unable to depose Fogarty due to his representation of Ruple. Further, three claims against Fogarty survived his motion to dismiss Shoregate's complaint. Thus, the prejudice to Shoregate weighed in favor of Fogarty's disqualification.

Case No. 2025-L-041

{¶15} The court concluded by stating it was mindful that disqualification is a drastic measure that should not be imposed unless absolutely necessary, but disqualification was warranted pursuant to Prof.Cond.R. 3.7 under the circumstances.

{¶16} Fogarty timely appealed and raises one assignment of error for our review:

{¶17} "The trial court erred in disqualifying Dennis R. Fogarty as counsel of choice for Ruple Builders, Inc."

{¶18} "A trial court's decision on a motion to disqualify counsel is reviewed for an abuse of discretion." *Reo v. Univ. Hosps. Health Sys.*, 2019-Ohio-1411, ¶ 16 (11th Dist.), citing *155 N. High, Ltd. v. Cincinnati Ins. Co.*, 72 Ohio St.3d 423 (1995), syllabus. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004).

{¶19} "Trial courts have the inherent power to disqualify an attorney from acting as counsel in a case when the attorney cannot or will not comply with the Ohio Rules of Professional Conduct and when such action is necessary to protect the dignity and authority of the court." *Reo* at ¶ 17, citing *Fordeley v. Fordeley*, 2015-Ohio-2610, ¶ 25 (11th Dist.). "'However, because of the potential use of the advocate-witness rule for abuse, disqualification "is a drastic measure which should not be imposed unless absolutely necessary."'" *Id.*, quoting *Fordeley* at ¶ 25, quoting *Waliszewski v. Caravona Builders, Inc.*, 127 Ohio App.3d 429, 433 (9th Dist. 1998). "It is therefore important for the trial court to follow the proper procedures in determining whether disqualification is necessary." *Id.*

{¶20} Pursuant to Prof.Cond.R. 3.7(a), "Lawyer as Witness," "A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness[.]" The rule lists three exceptions: "(1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) the disqualification of the lawyer would work *substantial* hardship on the client." (Emphasis in original.)

{¶21} As the Supreme Court of Ohio has recognized, "'[t]he roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively.'" *Mentor Lagoons, Inc. v. Rubin*, 31 Ohio St.3d 256, 257 (1987), quoting former EC 5-9.

{¶22} Prof.Cond.R. 3.7 was adopted because "[c]ombining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client." *Id.* at Official Comment 1. For example, "the trier of fact may be confused or misled by a lawyer serving as both advocate and witness." *Id.* at Official Comment 2. In addition, "the combination of roles may prejudice that party's rights in the litigation." *Id.* This is so because "[a] witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others." *Id.* When the roles are combined, "[i]t may not be clear whether a statement by an advocate-witness should be taken as proof or as analysis of the proof." *Id.*

{¶23} Prof.Cond.R. 3.7 replaced former disciplinary rules DR 5-101(B) and DR 5-102(A) and (B) under the former Code of Professional Responsibility, effective February 1, 2007. *Reo,* 2019-Ohio-1411, at ¶ 21 (11th Dist.). Because Prof.Cond.R. 3.7 is similar

to the former disciplinary rules, the prior case law is pertinent in analyzing its application. *Id.*

{¶24} "'"When a trial court reviews a motion for disqualification under Prof.Cond.R. 3.7, the court must: (1) determine whether the attorney's testimony is admissible and, if so, (2) determine if disqualification is necessary and whether any of the exceptions to Prof.Cond.R. 3.7 are applicable."'" *Id.* at ¶ 22, quoting *Fordeley* at ¶ 31, quoting *McCormick v. Maiden*, 2014-Ohio-1896, ¶ 11 (6th Dist.); *see also Mentor Lagoons*, 31 Ohio St.3d at 260.

{¶25} "'"The burden of proving disqualification necessarily falls upon the moving party. The burden of proving whether one of the exceptions to Prof.Cond.R. 3.7 applies is upon the attorney seeking to claim the exception."'" *Id.* at ¶ 23, quoting *Fordeley* at ¶ 31, quoting *McCormick* at ¶ 11.

{¶26} In his sole assignment of error, Fogarty contends the trial court abused its discretion by finding him a "necessary witness" because any information he has can be discovered by deposing Ruple's officers and employees since Ruple made the decision to file the affidavit of mechanic's lien and supplied the information. Further, Fogarty's disqualification would cause a substantial hardship to Ruple because he has been counsel for Ruple in multiple matters and has been "involved" in the instant case.

{¶27} "'"A necessary witness is not just someone with relevant information . . . but someone who has material information that no one else can provide. Whether a witness ought to testify is not alone determined by the fact that he has relevant knowledge or was involved in the transaction at issue. Disqualification may be required only when it is likely that the testimony to be given by the witness is necessary. Testimony may be relevant

Case No. 2025-L-041

and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence. . . . A party's mere declaration of an intention to call opposing counsel as a witness is an insufficient basis for disqualification even if that counsel could give relevant testimony. There is a dual test for necessity. First, the proposed testimony must be relevant and material. Second, it must be unobtainable elsewhere.'"'" *Lake Royale Landowners Assn. v. Dengler*, 2022-Ohio-2929, ¶ 27 (11th Dist.), quoting *Puritas Metal Prods., Inc. v. Cole*, 2008-Ohio-4653, ¶ 34 (9th Dist.), quoting *Mettler v. Mettler*, 928 A.2d 631, 633-634 (Conn. 2007).

{¶28} "Further, '"'[a] necessary witness is not the same thing as the "best" witness. If the evidence that would be offered by having an opposing attorney testify can be elicited through other means, then the attorney is not a necessary witness. In addition, of course, if the testimony is not relevant or is only marginally relevant, it certainly is not necessary.'"'" *Id.* at ¶ 28, quoting *Cole* at ¶ 35, quoting *Knowledge A-Z, Inc. v. Sentry Ins.*, 857 N.E.2d 411, 418 (Ind.App. 2006), quoting *Harter v. Univ. of Indianapolis*, 5 F.Supp.2d 657, 665 (S.D.Ind. 1998).

{¶29} Shoregate alleged Fogarty drafted the affidavit with malice and in bad faith, with knowledge of the waiver-of-lien provision in the subcontractor agreement between 4G and Ruple, to extort payment and to release Ruple from liability for the parking garage collapse. In other words, this is more than an allegation that Fogarty simply notarized a document or drafted an affidavit without a personal role about which Ruple's officers or employees could testify. *See Lake Royale* at ¶ 30, quoting Ohio Bd. of Prof. Cond. Opinion No. 2022-05 (June 10, 2022) ("'the act of notarizing a document . . . does not

Case No. 2025-L-041

immediately transform the notarizing lawyer into a necessary witness'"); *Crockett v. Crockett*, 2003-Ohio-585, ¶ 14 (10th Dist.) (attorney's testimony was not necessary to establish the facts surrounding the execution of an affidavit where the testimony of other witnesses could establish such facts). Fogarty's testimony is material, relevant, and there is no other witness available. Fogarty played an integral role in drafting and executing the affidavit of mechanic's lien, and only he can testify to his intent and knowledge when he did so. This is central to Shoregate's claims against Fogarty and Ruple, and there is no other available witness from whom such testimony is obtainable. *See Reo*, 2019-Ohio-1411, at ¶ 56 (11th Dist.) (attorney's testimony was necessary to prove client's case since attorney's personal involvement with appellee formed the entire basis of the client's causes of action); *Lytle v. Mathew*, 2017-Ohio-1447, ¶ 17 (8th Dist.) (attorney and firm were properly disqualified from wrongful death case because attorney was necessary witness for her knowledge and role in client's criminal fraud investigation). Further, consideration of whether any of Fogarty's testimony would be barred by the attorney-client privilege is premature and speculative at this stage. *See e.g., Lytle* at ¶ 20 (attorney-client privilege does not apply to conversations in furtherance of a crime or fraud). Thus, we cannot say the trial court abused its discretion by finding Fogarty is a necessary witness under these circumstances.

{¶30} Finding the trial court did not abuse its discretion in finding Fogarty a necessary witness, we turn to whether one of the exceptions to disqualification pursuant to Prof.Cond.R. 3.7 applies that would permit Fogarty to remain as counsel. Since Fogarty's testimony would relate directly to Shoregate's causes of action and would not address the value of legal services, only the substantial hardship exception could apply.

Case No. 2025-L-041

"Evaluation of what constitutes a substantial hardship involves the weighing of the interests of the client against those of the tribunal and the opposing party. Prof.Cond.R. 3.7(a)(3) at Official Comment 4. 'Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified, due regard must be given to the effect of disqualification on the lawyer's client.' *Id.*" *Reo* at ¶ 74.

{¶31} In *Popa Land Co., Ltd. v. Fragnoli*, 2009-Ohio-1299 (9th Dist.), the Ninth District considered whether the attorney's proffered evidence, i.e., an affidavit supported a finding that disqualification would work substantial hardship on his client in a breach of contract case where the trial court had determined the attorney was a necessary witness for his integral role in negotiating, drafting, and executing the contract. *Id.* at ¶ 18. The Ninth District rejected the attorney's claims that "long time familiarity with the case" and "huge costs" constitute substantial hardship, even though the motion to disqualify was granted one week before trial. *Id.* at ¶ 21. The court determined the appellant failed to meet its burden to establish substantial hardship, noting the attorney's knowledge of real estate law was not central to his continuing representation as counsel in the breach of contract case or being called as a fact witness, and there was co-counsel in the case that could take over. *Id.* at ¶ 21-22. The Ninth Distrct agreed with the trial court that while the disqualification would cause a hardship, it would not cause a *substantial* hardship to the client. *Id.* at ¶ 22.

Case No. 2025-L-041

{¶32}   Similarly, in this case, the trial court found nothing was presented evidences a substantial hardship for Ruple.  Fogarty did not satisfy his burden in his and Ruple's joint brief in opposition to Shoregate's motion to disqualify, citing only his long-standing relationship with Ruple and his involvement in the underlying matter.  *See Reo,* 2019-Ohio-1411, at ¶ 75, 78 (11th Dist.) (appellant's counsel failed to satisfy burden of substantial hardship by contending he was an "expert consumer protection attorney" whose legal services were of "clearly distinctive value" and because he had a working knowledge of his client's primary language).  Further, this case is still in the discovery phase, and Ruple has time to retain other counsel.  Lastly, we agree with the trial court Shoregate's inability to depose Fogarty is prejudicial to Shoregate's case, which weighs in favor of disqualification.  As in the *Popa Land* case, we recognize this will cause some hardship for Ruple, but there is no evidence that the hardship will be substantial.

{¶33}   Having determined the trial court properly granted Shoregate's motion to disqualify Fogarty from the instant case, since he is a necessary witness and none of the exceptions under Prof.Cond.R. 3.7 apply, we find Fogarty's assignment of error to be without merit.

{¶34}   The judgment of the Lake County Court of Common Pleas is affirmed.


EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-L-041

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error is without merit.  It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE MATT LYNCH

_____
JUDGE EUGENE A. LUCCI,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-L-041