[Cite as *State v. Nixon*, 2014-Ohio-4303.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-P-0098** |
| DAVID A. NIXON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Municipal Court, Ravenna Division, Case No. 13 CRB 2123.

Judgment: Affirmed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Kristina Drnjevich,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Adam M. Van Ho,* 137 South Main Street, #201, Akron, OH 44308 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, David A. Nixon, appeals from the judgment of the Portage County Municipal Court, Ravenna Division, convicting him of aggravated menacing. We affirm the trial court's judgment.

{¶2} In early March 2013, appellant was an inmate at the Portage County Jail. He was housed in a "pod" supervised by Corrections Officer Sonny Jones. On March 12, 2013, Detective Elizabeth Ittel noticed an outgoing letter from appellant, addressed

in blue ink. Inmates are not permitted to have pens, only pencils. She alerted Officer Jones and his supervisor, Sergeant Robert Smysek. Officer Jones confronted appellant, who eventually turned over the pen, after initially denying he possessed it.

{¶3} The next day, appellant placed a series of phone calls, evidently to his girlfriend, Richelle Horvath, an employee of Ravenna City schools. Ms. Horvath's son, J., attends the same school as Officer Jones' son, S. Officer Jones is a volunteer coach at the school, and had coached both boys. Signs are posted in the jail that phone calls are recorded, and may be monitored; a voice message informs inmates of the same before their calls are placed.

{¶4} The recording of the initial call by appellant was excluded from evidence. In the second call, appellant asked the woman if she knew which grade S. attended. She replied he was a year behind her son. Appellant went on to aver his hope the sheriff's department was recording and listening to the phone call, and that he had chosen to use the phone nearest to Officer Jones' desk so the officer would hear. He further stated he intended to "kick [Officer Jones'] ass" at a school football game upon his release from jail.[1]

{¶5} That same day, Detective Ittel opened another outgoing letter from appellant. Although it was addressed in pencil, she discovered the letter was written in black ink. The detective informed Officer Jones, who asked appellant to turn the pen over to him. Again, appellant initially denied having any pen; he eventually surrendered the black pen, however.

---

1. Certain portions of the recordings played to the jury were muted, on the state's motion, to prevent potential prior bad acts evidence from being introduced against appellant.

**{¶6}** As punishment, Officer Jones placed appellant on lock down. One privilege lost by inmates during lock down is the right to place phone calls. Nevertheless, appellant managed to place a third phone call to Horvath. During that call, he advised Horvath he was in lock down because of Officer Jones. He further explained that Sergeant Symsek informed him that Officer Jones was intimidated. He further requested that Horvath have her son, J., contact a third boy at the middle school, R. R. is older than J. and S., and had also been coached by Officer Jones. R. is physically mature, standing six feet tall and weighing more than 200 pounds. Appellant asked that J. tell R. he would pay the juvenile $50 for putting "that son of a bitch in intensive care and you know who I am talking about. I swear to God, I'll send fifty bucks off my books if he goes to school and just dusts that son of a bitch. * * * so I can say now mother f***er every week your kid is getting that shit." S. was not specifically mentioned.

**{¶7}** Two days later, Detective Ittel reviewed appellant's recent telephone recordings. After listening to the phone calls appellant made on March 13, 2013, the detective immediately informed her supervisor, Lieutenant Gregory Johnson. He listened to the calls, then informed Sergeant Symsek. It was Officer Jones' day off: Sergeant Symsek telephoned him. Officer Jones and his wife immediately went to the middle school and spoke with the principal. Officer Jones testified that his wife was near hysteria. Later, Lieutenant Jones, Detective Ittel, and Detective Burns visited the school.

**{¶8}** On August 5, 2013, appellant was charged with aggravated menacing, in violation of R.C. 2903.21, a misdemeanor of the first degree. He pleaded not guilty and

moved in limine to exclude prior bad acts, his criminal record, and the first two recordings. The trial court granted the motion regarding the recording of the first phone call. The case came on for jury trial on October 21, 2013, and the jury returned a verdict of guilty. On October 24, 2013, the trial court sentenced appellant to the maximum term of 180 days imprisonment and court costs. Appellant's sentence was stayed pending appeal.

{¶9} Appellant assigns four errors for this court's review. His first two assignments of error shall be addressed together. They read respectively:

{¶10} "[1.] Appellant's conviction for aggravated menacing is unconstitutional as they [sic] are against the manifest weight of the evidence and is based on insufficient evidence, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article One, Sections Ten and Sixteen of the Ohio Constitution."

{¶11} "[2.] The trial court erred when it denied appellant's motion for acquittal."

{¶12} In a criminal appeal, a verdict may be overturned if it is against the manifest weight of the evidence or because there is insufficient evidence to support the conviction. In the former, an appellate court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. *State v. Thompkins,* 78 Ohio St.3d 380, 387(1997). In the latter, the court must determine whether the evidence submitted is legally sufficient to support all of the elements of the offense charged. *Id.* at 386-387. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational jury have found the essential elements of the crime proven beyond a

4

reasonable doubt? *Id.* at 390 (Cook, J., concurring); *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶13} Appellant challenges the weight and sufficiency of the evidence upon which the jury's guilty verdict was premised. Appellant was convicted of aggravated menacing, in violation of R.C. 2903.21(A). That statute provides:

{¶14} "No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."

{¶15} Pursuant to R.C. 2901.22(B), "[a] person acts knowingly regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

{¶16} Appellant contends his conviction lacks evidentiary support because he did not make threats directly to Officer Jones or a member of the officer's family. In support, appellant cites *State v. Chmiel*, 11th Dist. Lake No. 96-L-173, 1997 Ohio App. LEXIS 4364 (Sept. 26, 1997). In *Chmiel*, this court reversed an aggravated menacing conviction because the defendant did not engage in threatening behaviors toward the victim. Her thoughts were discovered when the defendant sought assistance from a mental health counselor. This court held that without a threat made known to the potential victim or her family, a key element of the aggravated menacing statute was missing. *Id.* at *6-*7. This court underscored that "thoughts alone" are insufficient for a conviction. *Id.* at *7.

5

{¶17} Appellant also directs this court's attention to the Seventh Appellate District's opinion in *State v. Richard*, 129 Ohio App.3d 556 (7th Dist.1998). In that case, the defendant's "threat" was made to a county child support agent under circumstances where he was discussing his tax refund, which was intercepted by county services for child support arrearages. He grew very upset and asked the agent, "How he would be able to afford it all?" He then proceeded to make the statement, "I should just kill her, maybe that will end it all." The agent reported this statement to her supervisor, who then called the police. Thus, the Seventh District Court of Appeals reversed the defendant's conviction for menacing since the alleged victim was neither the person to whom he addressed the statement nor a close relative of the victim. *Id.* at 561.

{¶18} In the case sub judice, appellant did not make a direct threat to Officer Jones or a member of his family. This matter is different from both *Chmiel* and *Richard*, however. Appellant's initial threat was made (1) purposely close to Officer Jones' desk and (2) on a phone line that he knew was recorded and monitored. His second threat, leveled at Officer Jones' son, was made on the same recorded phone line and after appellant was advised that Officer Jones had been "intimidated" by appellant. Given this evidence, even though the threats were not made directly to Officer Jones or his family, they were made under circumstances that placed appellant on reasonable notice that his threats would probably reach Officer Jones or his family and cause these individuals to believe appellant would cause them serious physical harm. Both *Chmiel* and *Richard* are distinguishable from the instant matter in this regard.

{¶19} Because there was sufficient, credible evidence upon which the jury could premise its verdict that appellant knowingly caused Officer Jones' or his family to

6

believe appellant would cause them serious physical harm, the verdict is consistent with both the sufficiency and the weight of the evidence. By implication, the trial court did not err in denying appellant's Crim.R. 29 motion for acquittal.

{¶20} Appellant's first and second assignments of error lack merit.

{¶21} Appellant's third assignment of error provides:

{¶22} "The trial court violated appellant's rights under the Sixth Amendment of the United States Constitution and Article One, Section Ten of the Ohio Constitution and Rule 43 of the Ohio Rules of Criminal Procedure when the court conducted a pretrial hearing without the appellant being present."

{¶23} After empanelling the jury, but prior to opening statements, the trial court conducted a final pretrial with counsel. At the start, appellant's counsel expressed the desire that his client be present to avoid creating an appealable issue due to his absence. The trial court acknowledged there might be a problem if appellant was not present at the pretrial, then asked if counsel could discuss some issues without his presence. Appellant's counsel acquiesced. Shortly thereafter, the discussion turned to the witnesses the state would present, and the motions in limine regarding the first two phone calls of March 13, 2013, filed by appellant's counsel. Counsel again requested appellant's presence; the court again acknowledged appellant's absence might create an issue on appeal. The discussions continued, however, without appellant's presence.

{¶24} During the discussion, the state maintained the recording of the first two phone calls was necessary to establish appellant's animus against Officer Jones, and that S. was the intended target of the threat made in the third call. Appellant's counsel insisted that only the third call was relevant to the state's case since it contained the

7

actual threat.  The trial court granted the motion in limine as it related to the recording of the first call, but not the second.

**{¶25}** During the course of the pretrial, other issues discussed were ways and means of keeping out prior bad acts evidence; whether the trial court would instruct on lesser included offenses; and matters relating to plea negotiations.

**{¶26}** Crim.R. 43(A) provides, in pertinent part: "(1) Except as provided in Rule 10 of these rules and division (A)(2) of this rule, the defendant must be physically present at every stage of the criminal proceeding and trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules."

**{¶27}** "An accused has a fundamental right to be present at all critical stages of his criminal trial." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-2426, ¶100. "An accused's absence, however, does not necessarily result in prejudicial or constitutional error." *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, ¶90.  "[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, *and to that extent only.*" (Emphasis sic.) *Hale* at ¶100, quoting *Snyder v. Massachusetts*, 291 U.S. 97, 107-108 (1934), *overruled on other grounds by Malloy v. Hogan*, 378 U.S. 1, 17, (1964). The focus of the inquiry is whether his presence has a "reasonably substantial" relationship to "the fullness of his opportunity to defend against the charge." *Id.*, quoting *Snyder* at 105-106.

**{¶28}** Although important issues were ruled upon and discussed during the pretrial in question, the matters at issue were legal in nature; defense counsel advanced arguments in appellant's defense and, as a result, appellant, even had he been present,

8

would not have meaningfully contributed to the issues before the court. The presence of appellant's counsel ensured that appellant's right to due process was protected, and there is nothing to indicate the fairness of the proceedings were undermined by appellant's absence. We therefore hold appellant's constitutional rights were not violated when the pretrial was held outside his presence.

{¶29} Appellant's third assignment of error is without merit.

{¶30} Appellant's fourth assignment of error provides:

{¶31} "The trial court erred when it admitted audio recordings as business records without the proper foundation being laid in violation of Rules 803 and 901 of the Ohio Rules of Evidence.

{¶32} Appellant contends the state failed to lay a foundation under Evid.R. 803(6) that the phone recordings introduced into evidence were business records; and that it failed to authenticate the phone calls under Evid.R. 901. We do not agree.

{¶33} Evid.R. 901 governs the authentication of demonstrative evidence such as recordings of telephone conversations. The threshold for admission is quite low as the proponent need only submit "evidence sufficient to support a finding that the matter in question is what its proponent claims." Evid.R. 901(A). This means, "'the proponent must present foundational evidence that is sufficient to constitute a rational basis for a jury to decide that the primary evidence is what its proponent claims it to be.'" *State v. Tyler*, 196 Ohio App.3d 443, 2011-Ohio-3937, ¶25 (4th Dist.), citing *State v. Payton*, 4th Dist. Ross No. 01CA2606, 2002-Ohio-508. The trial court possesses broad discretion in the admission of tape recordings. *State v. Rogan*, 94 Ohio App.3d 140, 149 (2d

Dist.1994). To be admissible, the recording must be "authentic, accurate, and trustworthy." *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, ¶109.

**{¶34}** In the underlying matter, Lieutenant Johnson testified that he listened to both jail calls. The lieutenant recognized appellant as the caller of both calls from prior contact with him and a familiarity with appellant's voice. Lieutenant Johnson further testified each inmate receives a personal identification number ("PIN"), usually his or her social security number. The PIN is the number used to access the jail's phone system. Lieutenant Johnson testified that the PIN used for the calls at issue was appellant's social security number. Further, the company responsible for the recording of the jail calls performed monthly maintenance on the jail's system.

**{¶35}** Detective Ittel also testified that an inmate's jail calls could be tracked "[t]hrough their names or their - - what they use as their PIN number, which is their social security number, or through a phone number that they're calling." The detective described the system used by the jail and specifically referenced appellant's phone log, which identified the call placed at 16:54 on March 13, 2013. The detective retrieved the calls by typing appellant's name into the program. Detective Ittel listened to both calls initially, on March 15, 2013, and testified that the recordings truly and accurately reflected the phone calls that she heard on that date.

**{¶36}** The foundation evidence was "sufficient to support a finding that the matter in question is what its proponent claims." Evid.R. 901(A). Moreover, the surrounding testimony sufficed to establish that the evidence was "authentic, accurate, and trustworthy." We therefore hold the trial court did not abuse its discretion in admitting the recordings.

**{¶37}** Appellant's final assignment of error lacks merit.

**{¶38}** For the reasons discussed in this opinion, the judgment of conviction entered by the Portage County Municipal Court, Ravenna Division, is affirmed.

TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part, with a Concurring and Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part, with a Concurring and Dissenting Opinion.

**{¶39}** I concur in the majority's disposition of the third and fourth assignments of error. However, I find the state failed to provide sufficient evidence appellant acted knowingly in causing Officer Jones to believe he would harm the officer's son, which is an element of the offence of aggravated menacing. R.C. 2903.21. Consequently, I would reverse based on the first and second assignments of error.

**{¶40}** "A person acts knowingly, regardless of purpose, when she is aware that her conduct will probably cause a certain result or will probably be of a certain nature. *State v. Miller*, 96 Ohio St. 3d 384, 2002-Ohio-4931, at ¶31, * * *. '"Probably" is defined as "more likely than not" or a greater than fifty percent chance.' *Miller v. Paulson* (1994), 97 Ohio App.3d 217, 222, * * *." (Parallel citations omitted.) *State v. Fussell*, 8th Dist. Cuyahoga No. 87739, 2006-Ohio-6438, ¶42.

**{¶41}** In this case, the state failed to prove that appellant "probably" knew his conduct of making threatening remarks about Officer Jones' son to his girlfriend over

11

the jail telephones would result in Officer Jones discovering the conduct. The record shows that all sheriffs' detectives can monitor inmate phone calls. Detective Ittel chose to listen to the recordings of appellant's calls. But nothing in her testimony indicates there is any set policy regarding when or whether she is to listen to the recordings made of inmates' phone calls. Her specific testimony includes: "I currently review inmate mail. Not all. Some. And I also review some of the calls for the inmates." Regarding when she reviews mail, she testified that it is done "based on evidence that may be written about or in letters or subjects that may or may not pose a threat to the jail or the staff." In this case, she reviewed appellant's letters of March 12, 2013 and March 13, 2013, because they indicated he possessed pens, which are contraband. And she decided to listen to the recordings of his recent phone calls two days later, March 15, 2013, because of the pen infractions. Thus, the record essentially establishes that whether or not recordings of an inmate's phone calls are reviewed is discretionary. I respectfully conclude this is insufficient evidence to show appellant *probably* should have known his calls to Ms. Horvath would be reviewed, and the information given to Officer Jones. It establishes a possibility, not probability.

{¶42} The conviction in this case was based on insufficient evidence.

{¶43} I respectfully concur in part and dissent in part.

12