[Cite as *Reo v. Univ. Hosp. Health Sys.*, 2019-Ohio-1411.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| ANTHONY DOMENIC REO, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2018-L-110** |
| UNIVERSITY HOSPITALS HEALTH SYSTEMS, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Painesville Municipal Court, Case No. 2018 CVF 01021.

Judgment: Affirmed.

*Bryan Anthony Reo*, Reo Law LLC, P. O. Box 5100, Mentor, OH 44061 (For Plaintiffs-Appellants).

*John Farrington Garswood, IV*, Dreyfuss Williams, 1801 East Ninth Street, Suite 1110, Cleveland, OH 44114 (For Defendant-Appellee).


MARY JANE TRAPP, J.

{¶1} Appellants, Anthony Domenic Reo and Stefani Rossi Reo, appeal the judgment of the Painesville Municipal Court denying their motion to set aside a magistrate's order disqualifying their attorney, Bryan Anthony Reo, from representing them in their civil case against appellee, University Hospitals Health Systems, on the grounds he is a necessary witness. After a careful review of the record and pertinent law, we affirm.

**Substantive History and Procedural Background**

{¶2}    Anthony Domenic Reo ("Mr. Reo") and Stefani Rossi Reo ("Mrs. Reo") (collectively, the "Reos") filed a complaint in the Painesville Municipal Court alleging University Hospitals Health System ("University Hospitals") violated the Telephone Consumer Protection Act, the Consumer Sales Practices Act, and the Telephone Solicitation Sales Act.[1]

{¶3}    Attorney Bryan Anthony Reo ("Attorney Reo") filed the complaint on behalf of the Reos.  Mr. Reo is Attorney Reo's father, and Mrs. Reo is Attorney Reo's spouse.

{¶4}    The matter relates to University Hospitals' attempts to collect $36 relating to medical services Mrs. Reo received at a University Hospitals urgent care facility in Lake County.

{¶5}    The complaint alleges Attorney Reo accompanied Mrs. Reo to the facility. Attorney Reo paid for Mrs. Reo's medical services and had conversations with University Hospitals' personnel regarding a discount.  He provided his name and contact information and listed himself as the responsible party for the bill.  He also engaged in and recorded several subsequent telephone conversations with University Hospitals' representatives during their attempts to collect the disputed debt.

{¶6}    After filing an answer, University Hospitals filed a motion to disqualify Attorney Reo as counsel for the Reos pursuant to Prof.Cond.R. 3.7 on the grounds he is a necessary witness in the case.

{¶7}    The Reos filed a brief in opposition, and the trial court issued a notice setting the matter for a "non-oral hearing."

---

1.  While the first paragraph of the Reos' complaint references the Telephone Solicitation Sales Act, the Reos do not actually assert a claim for relief under that statute.

2

{¶8} The magistrate subsequently issued an order granting University Hospitals' motion and disqualifying Attorney Reo. The Reos filed a motion to set aside the magistrate's order, which the trial court denied.

{¶9} The Reos now appeal, asserting the following five assignments of error for our review:

{¶10} "[1.] The trial court committed prejudicial error in disqualifying counsel from representing a spouse in a civil action on the basis the attorney is a 'necessary trial witness' per Ohio Rule of Professional Conduct 3.7, when a spouse is not even a permissible witness due to spousal privilege, spousal incompetency, and confidential marital communications.

{¶11} "[2.] The trial court committed prejudicial error in applying Ohio Rule of Professional Conduct 3.7 in an overly broad manner such that Appellant/Plaintiff Stefani Rossi Reo's attorney, Bryan Anthony Reo, was disqualified from the entire case, when the application of the rule is to be very narrow and is limited to serving as counsel at the actual trial.

{¶12} "[3.] The trial court committed prejudicial error in completely failing to conduct an evidentiary hearing into whether or not plaintiffs/appellants would be prejudiced by the disqualification of their choice of counsel.

{¶13} "[4.] The trial court erred in not properly applying Rule of Evidence 901(B)(5) when the court accepted Defendant/Appellee's assertion that it must call Plaintiff/Appellant's Counsel as a witness to authenticate his own voice on a recording, because the relevant rule of evidence provides that anybody familiar with Counsel's voice on the phone can testify that the voice is that of Counsel.

3

**{¶14}** "[5.]     The trial court committed prejudicial error in finding that Plaintiff/Appellant's Counsel was a necessary witness and should be disqualified when the matter is an uncontested one because Appellee admits it recorded the phone calls in dispute, and thus there is nothing unique or specific for Appellant's Counsel to testify about because the matter is uncontested and other individuals or entities have the same knowledge regarding the circumstances of the calls and the content of the calls."

## Jurisdiction

**{¶15}**  Initially, we note an order disqualifying an attorney from representing a client in a civil case is a final, appealable order pursuant to R.C. 2505.02(B)(4).  *Douglass v. Priddy*, 11th Dist. Geauga No. 2013-G-3172, 2014-Ohio-2881, ¶15, citing *Westfall v. Cross*, 144 Ohio App.3d 211, 218–219 (7th Dist.2001).

## Standard of Review

**{¶16}**  A trial court's decision on a motion to disqualify counsel is reviewed for an abuse of discretion.  *155 N. High, Ltd. v. Cincinnati Ins. Co.*, 72 Ohio St.3d 423 (1995), syllabus.  An abuse of discretion is the trial court's "failure to exercise sound, reasonable, and legal decision-making."  *Douglass* at ¶16, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

## Law and Analysis

**{¶17}**  Trial courts have the inherent power to disqualify an attorney from acting as counsel in a case when the attorney cannot or will not comply with the Ohio Rules of Professional Conduct and when such action is necessary to protect the dignity and authority of the court.  *Fordeley v. Fordeley*, 11th Dist. Trumbull No. 2014-T-0079, 2015-Ohio-2610, ¶25, citing *Horen v. City of Toledo Public School Dist.*, 174 Ohio App.3d 317,

4

2007-Ohio-6883, ¶21 (6th Dist.). "However, because of the potential use of the advocate-witness rule for abuse, disqualification 'is a drastic measure which should not be imposed unless absolutely necessary.'" *Id.*, quoting *Waliszewski v. Caravona Builders, Inc.*, 127 Ohio App.3d 429, 433 (9th Dist.1998). It is therefore important for the trial court to follow the proper procedures in determining whether disqualification is necessary. *Id.*, citing *Brown v. Spectrum Networks, Inc.*, 180 Ohio App.3d 99, 2008-Ohio-6687, ¶11 (1st Dist.).

{¶18} Prof.Cond.R. 3.7(a), entitled "Lawyer as Witness," states "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness." The rule lists three exceptions: "(1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) the disqualification of the lawyer would work *substantial* hardship on the client." (Emphasis in original.)

{¶19} As the Supreme Court of Ohio has recognized, "[t]he roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively." *Mentor Lagoons, Inc. v. Rubin*, 31 Ohio St.3d 256, 257 (1987), citing former EC 5-9.

{¶20} Prof.Cond.R. 3.7 was adopted because "[c]ombining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client." *Id.* at Official Comment 1. For example, "the trier of fact may be confused or misled by a lawyer serving as both advocate and witness." *Id.* at Official Comment 2. In addition, "the combination of roles may prejudice that party's rights in the litigation." *Id.* This is so because "[a] witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and

5

comment on evidence given by others." *Id.* When the roles are combined, "[i]t may not be clear whether a statement by an advocate-witness should be taken as proof or as analysis of the proof." *Id.*

**{¶21}** Prof.Cond.R. 3.7 replaced former disciplinary rules DR 5-101(B) and DR 5-102(A) and (B) under the former Code of Professional Responsibility, effective February 1, 2007. *See Brown*, at ¶13. Because Prof.Cond.R. 3.7 is similar to the former disciplinary rules, the prior case law is pertinent in analyzing its application. *See Id.*

**{¶22}** "When a trial court reviews a motion for disqualification under Prof.Cond.R. 3.7, the court must: (1) determine whether the attorney's testimony is admissible and, if so, (2) determine if disqualification is necessary and whether any of the exceptions to Prof.Cond.R. 3.7 are applicable." *Fordeley* at ¶31, quoting *McCormick v. Maiden*, 6th Dist. Erie No. E-12-072, 2014-Ohio-1896, ¶11.[2]

**{¶23}** "The burden of proving disqualification necessarily falls upon the moving party." *Id.*, quoting *McCormick* at ¶11. "The burden of proving one of the exceptions to Prof.Cond.R. 3.7 applies is upon the attorney seeking to claim the exception." *Id.*, quoting *McCormick* at ¶11.

**{¶24}** We will address the Reos' assignments of error out of order and in combination for ease of discussion.

---

2. The Supreme Court of Ohio developed the original version of this test in *Mentor Lagoons*, *supra*, *at* 260.

### Evidentiary Hearing

{¶25} In their third assignment of error, the Reos argue the trial court abused its discretion by holding a "non-oral hearing" on University Hospitals' motion to disqualify Attorney Reo rather than an "evidentiary hearing."[3]

{¶26} The Reos cite the Tenth District's decision in *Breeding v. Herberger*, 81 Ohio App.3d 419 (10th Dist.1992), where the court, in a different context, defined three types of hearings: (1) an "evidentiary hearing" where "evidence is adduced and a 'trial' is conducted upon a preliminary issue," (2) an "oral hearing" where "no evidence is adduced, but only arguments of counsel are presented," and (3) "a more recent creation * * * referred to as a 'nonoral hearing,'" in which the matter is "determined by the court upon written argument and evidence * * *, without appearance of either party at an oral hearing." *Id.* at 423.

{¶27} Essentially, the Reos argue the trial court was required to hold an in-person hearing involving a formal presentation of evidence rather than determining the matter based on the parties' written submissions.

{¶28} Prof.Cond.R. 3.7(a) is silent regarding whether an "evidentiary hearing" is required on a motion for disqualification. In *Mentor Lagoons, supra*, however, the Supreme Court of Ohio reversed a trial court's disqualification of counsel on the grounds the trial court did not hold "a hearing or *other presentation of evidence*." (Emphasis added.) *Id.* at 256.

---

3. Despite arguing the trial court's failure to hold an "evidentiary hearing" was error, the Reos urge this court to reverse Attorney Reo's disqualification outright rather than ordering the trial court to hold such a hearing.

7

**{¶29}** The only instance in which the Supreme Court of Ohio has held an in-person "evidentiary hearing" is required involved the disqualification of an attorney who left one firm and joined a firm representing an opposing party. *See Dayton Bar Assn. v. Parisi*, 131 Ohio St.3d 345, 2012-Ohio-879, ¶15, citing *Kala v. Aluminum Smelting & Refining Co., Inc.*, 81 Ohio St.3d 1 (1998), syllabus. The Supreme Court of Ohio has specifically acknowledged it has never held a court must hold an evidentiary hearing on every motion for disqualification. *Id.*

**{¶30}** While some of our prior decisions regarding motions for disqualification have referenced an "evidentiary hearing," our main concern was whether the trial court possessed sufficient evidence to consider the required factors. *See, e.g., Williams v. White*, 11th Dist. Portage No. 2001-P-0072, 2002 WL 818883, *3 (Apr. 30, 2002) (reversing a trial court's disqualification order because of "an absence of a sufficient evidentiary basis"); *Mentor Lagoons, Inc. v. Teague*, 11th Dist. Lake No. 13-016, 1989 WL 62317, *3 (June 9, 1989) (reversing a trial court's sua sponte order disqualifying counsel because "the trial court had insufficient evidence before it to order the disqualification"); *Mentor Lagoons, Inc. v. Webb*, 11th Dist. Lake No. 11-110, 1986 WL 10593, *2 (Sept. 26, 1986) (trial court erred by disqualifying counsel because it "had no evidence before it").

**{¶31}** This view is consistent with those of our sister districts that have considered the issue. *See, e.g., Brown*, *supra*, at ¶18 (an "evidentiary hearing" can be "an oral hearing, where evidence is properly submitted to and admitted by the court," or "a paper hearing, so long as there is sufficient evidence before the court")*; Hall v. Tucker*, 169 Ohio App.3d 520, 2006-Ohio-5895, ¶23 (4th Dist.) (an "oral hearing" may not be necessary as

8

long as the parties "submit sufficient evidence for the court to make the necessary determinations in a paper hearing"); *Shawnee Assoc., L.P. v. Shawnee Hills*, 5th Dist. Delaware No. 07CAE050022, 2008-Ohio-461, ¶5-7, 35 (trial court did not abuse its discretion in not holding an "evidentiary hearing" where the parties submitted memoranda and evidentiary material); *McCormick*, *supra*, at ¶22 ("evidentiary hearing" not necessary where the parties submitted memoranda with evidentiary material); *Landzberg v. 10630 Berea Road, Inc.*, 8th Dist. Cuyahoga No. 79574, 2002 WL 449719, *5 (Mar. 14, 2002), citing *University Carnegie Medical Partners Assn. v. Weiss & Kramer, Inc.*, 8th Dist. Cuyahoga No. 65422, 1994 WL 285006 (June 23, 1994) ("an oral hearing is not required" where "the trial court had before it sufficient evidence to determine that the exceptions * * * do not apply"); *In re E.M.J.*, 9th Dist. Medina No. 15CA0098-M, 2017-Ohio-1090, ¶18-19 (trial court did not abuse its discretion by not holding a "full evidentiary hearing" given "the record the court had before it"); *Luce v. Alcox*, 10th Dist. Franklin No. 04AP-1250, 2005-Ohio-3373, ¶6, 8 (trial court did not abuse its discretion in not holding an "evidentiary hearing" but case is remanded because no evidence was officially presented).

**{¶32}** In support of their assertion the trial court was required to hold an "evidentiary hearing," the Reos cite the Eighth District's decision in *Ross v. Ross*, 94 Ohio App.3d 123 (8th Dist.1994). In *Ross*, the trial court summarily granted a motion to disqualify counsel without holding a hearing of any kind. *Id.* at 126. The Eighth District reversed, concluding "it is reversible error for the trial court to summarily disqualify an attorney solely on a paper allegation without a hearing." *Id.* at 130.

**{¶33}** The Reos fail to acknowledge the Eighth District later clarified its position in *Landzberg*, *supra*, where it noted "while the *Ross* court did mandate that a hearing be

9

conducted, it did not mandate the manner in which that hearing was to be conducted." *Id.* at *5.

{¶**34**} Accordingly, the case law establishes that while a trial court is required to hold a hearing to consider whether a lawyer should be disqualified under Prof.Cond.R. 3.7, no particular type of hearing is required. *See Brown, supra,* at ¶18. Instead, it must be clear the trial court had sufficient evidence before it to make the necessary determinations under Prof.Cond.R. 3.7. *See Id.*

{¶**35**} In the present matter, University Hospitals filed a motion to disqualify Attorney Reo containing a detailed memorandum stating with particularity the grounds upon which the motion was brought, addressing each element under Prof.Cond.R. 3.7(a), and presenting legal argument with authorities. The Reos filed a detailed brief in opposition containing its own legal argument and authorities. Following the magistrate's granting of the motion to disqualify, the Reos filed a detailed motion to set aside the magistrate's order.

{¶**36**} The trial court had sufficient evidence before it to make the required determinations under Prof.Cond.R. 3.7(a). *See Shawnee Assoc., L.P., supra,* at ¶5-7, 35 (submission of memoranda and evidentiary material sufficient); *McCormick, supra, at* ¶22 (same).

{¶**37**} The trial court did not abuse its discretion by holding a "non-oral hearing" on University Hospitals' motion to disqualify Attorney Reo. The Reos' third assignment of error is without merit.

10

***Admissibility***

**{¶38}** In their first assignment of error, the Reos argue Attorney Reo is not a "permissible witness" due to "spousal privilege, spousal incompetency, and confidential marital communications" in relation to Mrs. Reo.

**{¶39}** Evid.R. 402 states "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio. Evidence which is not relevant is not admissible."

**{¶40}** Evid.R. 501 states "[t]he privilege of a witness, person, state or political subdivision thereof shall be governed by the statute enacted by the General Assembly or by principles of common law as interpreted by the courts of this state in light of reason and experience."

**{¶41}** Two Ohio statutes address the spousal communication privilege. R.C. 2945.42 governs issues of privilege is criminal cases, while R.C. 2317.02 controls in civil cases. *State v. Vanhoy*, 3d Dist. Henry No. 7-2000-01, 2000 WL 799096, *2 (June 22, 2000).

**{¶42}** Since the underlying matter between the Reos and University Hospitals is a civil matter, only R.C 2317.02(D) potentially applies, which provides "[t]he following persons shall not testify in certain respects: * * * Husband or wife, concerning any communication made by one to the other, or an act done by either in the presence of the other, during coverture, unless communication was made, or act done, in the known

11

presence or hearing of a third person competent to be a witness; and such rule is the same if the marital relation has ceased to exist[.]"

{¶43} To be privileged, the communication at issue must be "confidential." *State v. Rahman*, 23 Ohio St.3d 146, 149 (1986). In addition, "[p]rivileges are to be construed narrowly because they impede the search for truth and contravene the principle that the public has a right to everyone's evidence." *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, ¶121.

{¶44} The Reos argue University Hospitals is attempting to "compel" Attorney Reo to testify against Mrs. Reo regarding matters privately discussed between them as husband and wife. The Reos have not described the matters to which they refer or established such matters are confidential.

{¶45} University Hospitals' motion for disqualification indicates it intends to seek testimony from Attorney Reo regarding (1) "alleged in-person communications at the hospital," (2) "telephone calls with representatives" of University Hospitals, (3) "physical evidence of alleged recordings," and (4) "alleged promises" University Hospitals made to Attorney Reo. None of these matters implicates spousal communications.

{¶46} Further, the spousal privilege obviously does not apply to Attorney Reo's conversations with his father, Mr. Reo.

{¶47} In the event University Hospitals seeks evidence implicating confidential spousal communication at some point in the future, Attorney Reo has an adequate remedy pursuant to Civ.R. 45(C)(3)(b) ("On timely motion, the court * * * shall quash or modify the subpoena, or order appearance or production only under specified conditions, if the subpoena does any of the following: * * * Requires disclosure of privileged or

12

otherwise protected matter and no exception or waiver applies"). Therefore, spousal privilege does not render Attorney Reo's testimony inadmissible.

{¶48} Spousal privilege and spousal incompetency are distinct legal concepts. *See State v. Savage*, 30 Ohio St.3d 1, 3 (1987). Spousal incompetency is governed by Evid.R. 601(B), which states "[e]very person is competent to be a witness except: * * * [a] spouse testifying against the other spouse charged with a crime except when either of the following applies: (1) a crime against the testifying spouse or a child of either spouse is charged; [or] (2) the testifying spouse elects to testify."

{¶49} By its own terms, Evid.R. 601(B) relates exclusively to criminal matters and is therefore not applicable in this case. Therefore, Attorney Reo is not an incompetent witness.

{¶50} The trial court did not abuse its discretion in finding Attorney Reo's testimony to be admissible. The Reos' first assignment of error is without merit.

### *Necessity*

{¶51} Within their fourth and fifth assignments of error, the Reos argue Attorney Reo is not a necessary witness.

{¶52} A necessary witness under Prof.Cond.R. 3.7 is one whose testimony is unobtainable through other trial witnesses. *Holbrook v. Benson*, 5th Dist. Stark No. 2013CA00045, 2013-Ohio-5307, ¶13, citing *Popa Land Co., Ltd. v. Fragnoli*, 9th Dist. Medina No. 08CA0062–M, 2009-Ohio-1299, ¶15. Testimony may be relevant and even highly useful but still not strictly necessary. *Id.*, citing *Akron v. Carter*, 190 Ohio App.3d 420, 2010-Ohio-5462, ¶19 (9th Dist.). A finding of necessity takes into account such factors as the "significance of the matters, weight of the testimony and availability of other

evidence." *Id.*, quoting *Akron* at ¶19. "A party's mere declaration of an intention to call opposing counsel as a witness is an insufficient basis for disqualification even if that counsel could give relevant testimony." *Id.*, quoting *Akron* at ¶19.

**{¶53}** The Reos claim University Hospitals' "primary reason" for seeking to disqualify Attorney Reo is because only Attorney Reo can authenticate the recordings of the telephone calls with University Hospitals and his voice on those recordings. According to the Reos, Attorney Reo's testimony is not necessary for authentication purposes because of Ohio's liberal standards for authentication of evidence under Evid.R. 901(A) and (B)(5).

**{¶54}** To the extent the Reos intend to introduce the recorded telephone calls, Attorney Reo's testimony is likely necessary foundational evidence. *See State v. Nixon*, 11th Dist. Portage No. 2013-P-0098, 2014-Ohio-4303, ¶33, quoting *State v. Tyler*, 196 Ohio App.3d 443, 2011-Ohio-3937, ¶25 (4th Dist.) ("the proponent must present foundational evidence that is sufficient to constitute a rational basis for a jury to decide that the primary evidence is what the proponent claims it to be").

**{¶55}** However, University Hospitals is not seeking Attorney Reo's testimony solely for authentication purposes. Rather, University Hospitals asserts Attorney Reo's testimony is necessary for the Reos to prove their case.

**{¶56}** Attorney Reo argues "there is nothing unique or special in regards to the factual knowledge" he possesses "that is not capable of being elicited via other means." This is not accurate. Attorney Reo's personal involvement with University Hospitals forms the entire basis of the Reos' causes of action.

14

{¶57} According to the Reos' own complaint, Attorney Reo personally engaged in all of the following acts: (1) he accompanied Mrs. Reo to the facility, (2) he paid for Mrs. Reo's medical services, (3) he had conversations with University Hospitals' personnel regarding a discount, (4) he provided his name and contact information, (5) he listed himself as the responsible party for the bill, (6) he had at least three separate telephone conversations with University Hospitals' representatives regarding the alleged debt, (7) he recorded the telephone conversations, and (8) he further communicated with University Hospitals' representatives in response to letters Mrs. Reo received regarding the alleged debt.

{¶58} The Reos' claims under the Telephone Consumer Protection Act ("TCPA") arose from telephone calls initiated by University Hospitals despite alleged "do not call" requests. Attorney Reo is the person who allegedly made the "do not call" requests. He is also the person who engaged in subsequent telephone conversations with University Hospitals that allegedly constitute violations of the TCPA.

{¶59} Similarly, the Reos' claims under the Consumer Sales Practices Act ("CSPA") arose from University Hospitals' efforts to collect a debt that was allegedly already paid. Attorney Reo is the person who paid for Mrs. Reo's medical services as the responsible party. He is also the person with whom University Hospitals allegedly discussed the $36 discount—the same amount it later tried to collect—as well as the person who engaged in subsequent telephone conversations with University Hospitals that allegedly constitute violations of the CSPA.

{¶60} By virtue of the complaint, Attorney Reo made himself a necessary witness in the case. He should have anticipated that University Hospitals would file a motion to

15

disqualify him as counsel, and he should not be heard to complain about something of his own creation.

{¶61} Attorney Reo's involvement is analogous to the attorney in *155 N. High, Ltd.*, *supra*. In that case, a fire destroyed an insured building. *Id.* at 424. The insured immediately called its attorney, who began regularly communicating with the insurance company. *Id.* The insured eventually sued the insurance company for bad faith in handling its insurance claim. *Id.*

{¶62} The insured's attorney filed the suit on its behalf and served as lead trial counsel. *Id.* at 425. At trial, the insured's attorney testified at length regarding his many conversations and contacts with the insurance company. *Id.* After the trial court entered judgment in favor of the insured, the insurance company appealed, arguing the trial court erred by allowing the insured's attorney to testify. *Id.*

{¶63} In considering the "necessity" element, the Supreme Court of Ohio held the testimony of the insured's attorney was clearly necessary because he (1) "had personal knowledge regarding the alleged acts of bad-faith claims handling," (2) "was an active participant in dealings and negotiations beginning shortly after the fire and continuing up to the time the lawsuit was filed," and (3) "testified to conversations and actions taken by the insurance company." *Id.* at 428. Thus, the Supreme Court of Ohio concluded the testimony of the insured's attorney "was necessary to prove his client's claims." *Id. See Popa Land, supra*, at ¶16-17 (attorney found to be a necessary witness where he played integral role in the negotiation, preparation, and execution of the settlement agreement that formed the basis of his clients' underlying lawsuit).

**{¶64}** Therefore, just like the attorney in *155 N. High, Ltd.*, *supra*, whose testimony was necessary to prove an insured's bad faith claim against its insurance company, Attorney Reo's testimony is necessary to prove the Reos' consumer claims against University Hospitals.

**{¶65}** The trial court did not abuse its discretion in finding Attorney Reo's testimony to be necessary. Those portions of the Reos' fourth and fifth assignments of error addressing necessity are without merit.

### *Exceptions*

**{¶66}** Since we have determined Attorney Reo's testimony is admissible and necessary, the next required inquiry under Prof.Cond.R. 3.7 is whether any of the exceptions apply. *Fordeley*, *supra*, at ¶31, quoting *McCormick*, *supra*, at ¶11. The potentially applicable exceptions in this case are whether the "testimony relates to an uncontested issue," or whether "the disqualification of the lawyer would work substantial hardship on the client." Prof.Cond.R. 3.7(a)(1) and (3).

### 1. Uncontested

**{¶67}** Within their fifth assignment of error, the Reos argue the underlying matter is uncontested. Specifically, the Reos list the following "uncontested" issues: (1) the date Mrs. Reo received the medical services, (2) the nature of the medical services Mrs. Reo received, and (3) the recorded telephone calls and the circumstances surrounding them.

**{¶68}** While the first two issues may be uncontested, they are also not particularly relevant to the Reos' consumer claims against University Hospitals.

**{¶69}** With respect to the telephone calls, we disagree this issue is uncontested. Since the parties have not yet engaged in discovery, it is premature to determine whether

University Hospitals contests the contents of the recorded telephone calls. However, all other facts and circumstances underlying the telephone calls are highly contested. The Reos assert University Hospitals' telephone calls violate both the TCPA and the CSPA, while University Hospitals obviously asserts the contrary.

{¶70} In addition, the Reos' CSPA claims originates from Attorney Reo's conversations with University Hospitals regarding an alleged $36 discount. In its answer, University Hospitals specifically denies the existence of a discount. As such, this is also a contested issue.

{¶71} Attorney Reo's proposed testimony will relate to the heart of the allegations underlying the Reos' claims for relief, which University Hospitals is vigorously contesting. *See Hillman v. Kosnik*, 10th Dist. Franklin No. 05AP-122, 2005-Ohio-4679, ¶13 (holding an attorney's testimony went "to the heart of the allegations underlying appellants' causes of action, which are being vigorously contested" in a case involving whether a doctor made fraudulent statements to the attorney and his wife while treating their son).

{¶72} Based on the foregoing, the Reos cannot establish the "uncontested matter" exception under Prof.Cond.R. 307(a)(1).

### 2. Substantial Hardship

{¶73} Within their fourth assignment of error, the Reos argue Attorney Reo's disqualification would work "substantial hardship" on them.

{¶74} Evaluation of what constitutes a substantial hardship involves the weighing of the interests of the client against those of the tribunal and the opposing party. Prof.Cond.R. 3.7(a)(3) at Official Comment 4. "Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the

importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified, due regard must be given to the effect of disqualification on the lawyer's client." *Id.*

**{¶75}** First, the Reos argue Attorney Reo's disqualification would work a substantial hardship because he is an "expert consumer protection attorney" whose legal services are "clearly of distinctive value." While both parties' briefs contain discussion as to whether Attorney Reo's legal services are of "distinctive value," this language is from a prior disciplinary rule. *See* former DR 5-101(B)(4) (stating a lawyer may be both witness and advocate if "refusal would work a substantial hardship on the client because of the *distinctive value of the lawyer or the firm as counsel in the particular case*") (Emphasis added.)

**{¶76}** Prof.Cond.R. 3.7 unambiguously states that the relevant inquiry is whether "the disqualification * * * would work *substantial* hardship on the client." (Emphasis in original.) *Popa Land*, *supra*, at ¶20. Therefore, we need not consider whether Attorney Reo brings a "distinctive value" to the Reos' case. *See Id.* (declining to incorporate the "distinctive value" concept into Prof.Cond.R. 3.7(a)(3)).

**{¶77}** Second, the Reos argue Attorney Reo's disqualification would work a substantial hardship on Mrs. Reo because he has a working knowledge of Mrs. Reo's primary language of Brazilian Portuguese.

**{¶78}** The Reos fail to cite any legal authority in support of this position. However, based on the circumstances of this case, it seems unlikely a purported language barrier would create a substantial hardship for Mrs. Reo. First, Mrs. Reo's participation in the

19

case is likely to be limited, since, as demonstrated above, Attorney Reo's personal involvement with University Hospitals forms the basis for the Reos' claims. Second, to the extent Mrs. Reo's participation is necessary, Attorney Reo, as her husband, remains free to assist in her communications with her new counsel.

{¶79} Besides, our sister districts have held even disqualification of an attorney representing a family member does not constitute substantial hardship. *See Horen v. City of Toledo Public School Dist.*, 174 Ohio App.3d 317, 2007–Ohio–6883, ¶28 (6th Dist.), citing *Hillman, supra*, at ¶13.

{¶80} Further, the Reos have not established Mr. Reo would face substantial hardship from Attorney Reo's disqualification.

{¶81} Based on the foregoing, the Reos have not established the "substantial hardship" exception under Prof.Cond.R. 3.7(a)(3).

{¶82} The trial court did not abuse its discretion in finding Attorney Reo did not establish the applicability of any of the exceptions in Prof.Cond.R. 3.7. As such, the remainder of the Reos' fourth assignment of error and their fifth assignment of error are without merit.

### *Scope of Disqualification*

{¶83} In their second assignment of error, the Reos argue the trial court erred by not applying Prof.Cond.R. 3.7 narrowly and limiting Attorney Reo's disqualification to serving as counsel at the actual trial.

{¶84} By its plain language, Prof.Cond.R. 3.7 forbids a lawyer from acting as an advocate "at a trial" in which he is likely to be necessary witness. The rule does not address whether a lawyer may act as an advocate other than at trial. *Akron v. Carter*,

20

190 Ohio App.3d 420, 2010-Ohio-5462, ¶21 (9th Dist.). The Supreme Court of Ohio has not ruled on the required scope of disqualification under Prof.Cond.R. 3.7.

**{¶85}** The Reos cite *State v. Ponce*, 7th Dist. Mahoning No. 11 MA 75, 2012-Ohio-4572 for "[t]he general rule in Ohio" that "even if an attorney is likely to be a witness at the trial, he may still engage in nontestimonial representation, which would include essentially everything up to the trial." However, *Ponce* does not contain this proposition, nor does the court even address the relevant issue.

**{¶86}** The Reos also cite commentary to Model Rule 3.7 of the American Bar Association's Model Rules of Professional Conduct for the proposition that an attorney should only be disqualified from serving as the advocate at the actual trial. Obviously, this commentary is not binding on us, and the Reos have not demonstrated any Ohio court has adopted it.

**{¶87}** Finally, the Reos cite *Bank One Lima, N.A. v. Altenburger*, 84 Ohio App.3d 250 (3d. Dist.1992) for the proposition "[n]ontestimonial input by a lawyer in a case, such as submitting briefs or presenting oral argument" is "perfectly proper" and does not "invoke the advocate-witness prohibition." *Altenburger* does not contain this proposition. Instead, the court merely held an attorney's affidavit attached to an opposition to a motion for summary judgment did not make him a necessary witness. *Id.* at 258.

**{¶88}** By contrast, the federal Sixth Circuit Court of Appeals held the term "trial" as used in the ABA Code of Professional Responsibility had a broader meaning than just the actual proceedings before a jury. *See General Mill Supply Co., v. SCA Services, Inc.*, 697 F.2d 704 (6th Cir.1982). The Sixth Circuit held "the word 'trial' * * * could not have been meant in the limited sense plaintiffs attribute to it." *Id.* at 715. Instead, "the ultimate

21

'trial' is connected as a seamless web to the ascertainment of issues at the pretrial proceedings, and particularly to the discovery depositions." *Id. See Hood v. Midwest Sav. Bank*, S.D. Ohio No. C2-97-218, 2001 WL 327723, *4 (Mar. 22, 2001) (applying *General Mill* to disqualify attorney from "all phases of the litigation" under the Ohio Code of Professional Responsibility).

**{¶89}** In *Libbey-Owens-Ford Co. v. Martin*, 10th Dist. Franklin No. 96APE02-215, 1996 WL 517616 (Sept. 12, 1996), the Tenth District held a trial court did not abuse its discretion in adopting the Sixth Circuit's holding in *General Mill*, stating an expansive view was "directly applicable to modern trial practice in Ohio where liberal discovery is not only available but encouraged." *Id.* at *8.

**{¶90}** In the absence of binding legal authority to the contrary, the trial court did not abuse its discretion by disqualifying Attorney Reo from the entire case as opposed to just the actual trial. The Reos' second assignment of error is without merit.

**{¶91}** Based on the foregoing, the judgment of the Painesville Municipal Court is affirmed.

CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.